## MALONE *vs.* CARROLL.

[BILL IN EQUITY TO ESTABLISH EQUITABLE SET-OFF AGAINST ASSIGNED NOTE.]

1. *Further examination of witnesses, and cross bill for discovery, not allowable after final hearing, and reversal of decree on error.*—When a bill has been dismissed by the chancellor, on final hearing on pleadings and proof; and the supreme court has reversed his decree, on error, declaring the principles which govern the case, apply'ng those principles to the pleadings and proof, determining all the material points in favor of the complainant, and remanding the cause for further proceedings not inconsistent with the opinion,—neither party can claim, as matter of right, to enter into a fresh examination of the questions in issue, either by a further examination of witnesses, or by a discovery from his adversary.

2. *Conclusiveness of judicial decisions.*—On a second appeal in a cause, the appellate court must be governed by the points and principles settled and decided on the former appeal, unless the record shows so material a change of the case as renders them inapplicable ; nor can error be imputed to the inferior court, so far as its subsequent proceedings conform to those points and principles.

3. *Same, and application of maxim, that he who seeks equity must do equity.*—On bill filed by the maker against the assignee of a note, for the purpose of establishing an equitable set-off against the payee, if the complainant shows a case which, in the absence of all indemnity, would be sufficient-to entitle him to relief, his mere failure to disclose in his bill that he had received partial indemnity cannot deprive him of all claim to relief ; especially where it appears that the appellate court, on a former appeal from the decree of the chancellor, who dismissed the bill on final hearing on pleadings and proof, decided that the complainant was entitled to relief ; and this, notwithstanding the point was not then noticed by either the court or the counsel.

APPEAL from the Chancery Court of Franklin.

Heard before the Hon. JOHN FOSTER.

THE facts of this case will be readily understood from the briefs of counsel, and the opinion of the court, in connection with the former report in 28th Ala. 521–29. The counsel of both parties submitted very elaborate arguments, the great length of which prevents their insertion in the report. The annexed abstracts show only the points made and the authorities cited.

JOHN A. NOOE, and L. P. WALKER, for the appellants, made these points :

1. The chancellor erred in overruling the application of the defendants below for leave to take additional test-imony, and also for leave to file a cross bill for discovery. Keenan v. Strange, 12 Ala. 292; Lyon v. Bolling, 24 Ala. 763; Beach v. Fulton Bank, 2 Wendell, 225.

2. The chancellor erred, also, in overruling the defend-ants' exceptions to the master's report, and in decreeing in favor of the complainant.   The bill should have been dismissed, because the proof showed that the plaintiff had forfeited all claim to relief, if he ever had any, by his failure to disclose that he had received partial indemnity from Barton.   So far from disclosing this important fact, the bill alleges, " that Barton died insolvent, without making provision for the payment *of any part of said debts ; *" and that, unless the complainant " got the ben-efit of the set-off claimed by him, it would be a *total loss* to him."   It is a fundamental maxim of the chancery court, that a party asking relief must come before it " with clean hands and a clear conscience ; " and again, that " he who is guilty of iniquity shall not have equity; " and again, that nothing can call the powers of the court into active exercise, " but conscience, good faith, and reasonable diligence."   For analogous cases, in which the court refused relief, because the party complaining was guilty of fraud or want of good faith, see Overton v. Perkins, Martin & Yerger, 371 ; Kennedy v. Kennedy, 2 Ala. Rep. 572 ; Dabney v. Green, 4 Hen. & Mun. 109 ; Brantley v. West, 27 Ala. Rep. 552; Pierce v. Partridge, 3 Metc. 44 ; Fairfield v. Baldwin, 12 Pick. 388 ; M. E. Church v. Jacques, 3 John. Ch. 117 ; Taylor v. Harwell, 5 Humph. 331 ; 2 Vesey, 289 ; 1 Vernon, 452 ; 1 P. Wms. 731; 2 P. Wms. 748; Wells' Ex'r v. Bransford, 28 Ala. 200; 7 Mon. 465 ; 4 Peters, 184 ; 1 Fonb. Eq. 25, 139–40, 327, note; Adams' Eq. 175 ; 2 Story's Eq. § 61 ; Askew v. Hooper, 28 Ala. 635.

3. The former opinion pronounced by the court in this case is not conclusive on the points now presented.   The former appeal was taken from a decree of the chancellor

dismissing the bill for want of equity. The jurisdiction of the supreme court, as conferred and limited by the constitution, is appellate only. It has no power, on appeal from a decree dismissing the bill for want of equity, to decide the cause upon its merits, for this would be the exercise of original jurisdiction. The effect of the former decision was simply to reverse the chancellor's decree, and to reinstate the cause in the court below for further proceedings not inconsistent with the principles there settled. That decree was interlocutory merely, and does not conclude the court on the present appeal, which brings up the whole case for revision, from examining any error or mistake of law or fact.—Keenan v. Strange, 12 Ala. 292; Brown v. Lang, 14 Ala. 722; Price v. Nesbitt, 1 Hill's (S. C.) Ch. 452–65; Pearson v. Darrington, 18 Ala. 352; Moore v. Barclay, 23 Ala. 750; 1 Bailey's Ch. 98; Harwood v. Oglander, 6 Vesey, 225; Curtis v. Curtis, 2 Bro. C. C. 629; Roberts v. Salisbury, 3 Gill & J. 425; Hagthorp v. Hook, 1 Gill & J. 270; Daniels v. Taggart, 1 Gill & J. 311; Claggett v. Crawford, 12 Gill & J. 275; Snowden v. Dorsey, 6 Har. & J. 114; Walker v. Forbes, 31 Ala. Rep. 9; 10 Vesey, 34; 17 Johns. 548; 16 Johns. 415; 2 Cranch, 33; 2 Atk. 438; 1 Johns. Ch. 88; 1 Sneed, 101; 12 Ves. 458; 2 Madd. Ch. 351; 3 Hen. & Munf. 243; 3 Call, 243.

R. W. WALKER, and WM. COOPER, *contra*, contended,—

1. That the application for leave to take new testimony came too late.—2 Dan. Ch. Pr. 1134, note; *ib.* 1136, note; Hamersly v. Lambert, 2 Johns. Ch. 428; Wood v. Mann, 2 Sumner, 316; Moody v. Payne, 3 Johns. Ch. 294; Johnston v. Glasscock, 2 Ala. 249; Grier v. Campbell, 21 Ala. 328; Gray v. Murray, 4 Johns. Ch. 412; Baker v. Whiting, 1 Story, 233; McCall v. Sinclair, 14 Ala. R. 764; Hunt v. Smith, 3 Rich. Eq. 466; Young v. Keightley, 16 Vesey, 359; Greenlee v. McDowell, 4 Ired. Eq. 481; Franklin v. Wilkinson, 3 Munf. 112; Dunham v. Winans, 2 Paige, 24; Moody v. Farr, 27 Miss. 788; 19 Penn. 431; Caller v. Shields, 2 Stew. & P. 417; Bradshaw v. Garrett, 1 Porter, 47; Randolph v. Randolph,

1 Hen. & Munf. 180; Pfeltz v. Pfeltz, 1 Maryland Ch. Dec. 456.

2. That the petition for leave to file cross bill for discovery also came too late.—Sterry v. Arden, 1 Johns. Ch. 62; Fielder v. Schœflin, 7 Johns. Ch. 250; Gouverneur v. Elmendorf, 4 John. Ch. 357; White v. Buloid, 2 Paige, 164; Cartwright v. Clark, 4 Metc. 104; Irving v. DeKay, 10 Paige, 319; Roberts v. Peavy, 9 Foster, 392; Cocke v. Evans, 9 Yerger, 294; Moore v. Dial, 3 Stewart, 155; Mallory v. Matlock, 10 Ala. 596; Price v. Cannon, 3 Mis. 453; 15 Ark. 29.

3. That the former decision is conclusive of all the other points made for the appellants.—Carroll v. Malone, 28 Ala. R. 522; Miller v. Jones, 29 Ala. R. 174; Bryan v. Weems, 25 Ala. 195; Johnston v. Glasscock, 2 Ala. 519; McClellan v. Crook, 7 Gill, 333; Gelston v. Codwise, 1 Johns. Ch. 189, 194; Young v. Frost, 1 Md. 377, 396; Biscoe v. Tucker, 14 Ark. 515; Gilmore v. Patterson, 36 Maine, 544; Calkins v. Evans, 5 Ind. 441; 10 Wheat. 431, 441; 5 Cranch, 316; 1 Wheaton, 364; 7 Wheaton, 58; 3 Md. Ch. Dec. 418; 1 Ohio St. R. 511; Haskell v. Roane, 1 McCord's Ch. 29; Grier v. Campbell, 21 Ala. 333; Hanberry v. Hanberry, 29 Ala. 719; 3 Dana, 427; 4 Florida, 359; 9 Leigh, 262.

RICE, C. J.—The bill in this case was filed to obtain the benefit of an equitable set-off. In 1854, upon a hearing of the cause "on bill, answers, demurrers and proof," the chancellor pronounced his decree dismissing the bill. On appeal by the complainant from that decree, this court, at its January term, 1856, pronounced and filed its opinion, which not only declared the principles that should govern the case, but applied them to the pleadings and proof, and decided all the material points in favor of the complainant, and reversed the decree of the chancellor, and remanded the cause "for further proceedings, not inconsistent with the principles" declared in the opinion.—See Carroll v. Malone, 28 Ala. Rep. 521.

After the cause was thus remanded, the respondents

applied to the chancellor for leave to take further testimony, and also for leave to file a cross bill for discovery from the complainant. The chancellor overruled each application. The pleadings and proof being substantially the same as they were when the case was formerly here, the cause was finally disposed of by the chancellor, and a decree was pronounced in conformity to the points decided and principles settled by our opinion on the former appeal. From that decree the respondents took the present appeal.

The points now relied on for a reversal are disposed of by the following incontrovertible positions:

1. After the chancellor, upon a hearing of a cause on bill, answers, demurrers, and proofs, has filed his decree dismissing the bill; and the supreme court, on an appeal by the complainant from that decree, has filed its opinion, declaring the principles which govern the case, and applying them to the pleadings and proofs, and determining all the material points in favor of the complainant; and has, in connection with that opinion, reversed the decree of the chancellor, and remanded the cause for further proceedings, not inconsistent with the principles settled by the opinion,—neither party is allowed, *as matter of right*, to enter into a fresh examination in that cause of the questions in issue, either by a further examination of witnesses, or by discovery from his adversary. Hamersly v. Lambert, 2 Johns. Chancery Reports, 432; Southard v. Russell, 16 How. Rep. 547; McClellan v. Crook, 7 Gill, 333; Young v. Frost, 1 Md. R. 377.

2. On the *second* appeal in a case, the points decided and principles settled on the *first* appeal must govern the appellate court, unless the record shows so material a change of the case as to render them inapplicable. Brown v. Somerville, 8 Md. R. 444. And no error can be imputed to the inferior court, if in its subsequent proceedings it conformed to the points so decided, and to the principles so settled.—Young v. Frost, *supra;* Thomas v. Doub, 1 Md. R. 324; Matheson v. Hearin, 29 Ala. R. 210; Matthews v. Sands, 29 Ala. R. 136.

3. When, in the absence of all indemnity, a complain-

ant would be entitled to the benefit of an equitable set-off set forth in his bill, his mere failure to disclose in his bill that he had received *partial* indemnity thereon cannot operate to deprive him of all claim to relief. If it could so operate in any case, it could not in one like this, where, upon the very same evidence in relation to the partial indemnity, and in the very same cause, the appellate court had previously reversed the decree of the chancellor dismissing the bill, and had, in effect, decided that the complainant was entitled to relief, notwithstanding his failure to disclose that he had received partial indemnity.—See brief of the counsel for appellee, and the authorities there cited.

If there be any error, it is not to the prejudice of the appellants; and the decree of the chancellor must be affirmed, at their cost.