Galleo v. Eagle.

*Judgment affirmed.*

---

GALLEO, trustee, etc., appellant, v. EAGLE *et al.*

*Trustee — partition suit by.*

A trustee having an interest in real estate which he holds in common with others, and having a power to sell such interest, may institute a partition suit to divide the estate.

THIS is an appeal from an order of the special term sustaining a demurrer to the complaint. The plaintiff, as trustee, is seized of an

Galleo v. Eagle.

undivided one-fourth part of certain premises, as tenant in common with the defendants. The trust is to receive the rents and profits, and apply the same to the support, education and maintenance of Charles R. Galleo until he shall attain the age of twenty-one years. The trustee has full power, in her discretion, to sell, grant, assign and convey said premises, and invest and hold the proceeds on the same trust.

The plaintiff brings this action for a partition of said lands. The defendants demurred to the complaint, and the court at special term sustained the demurrer, and this appeal is upon the judgment upon such decision.

*C. F. Richardson*, for appellant.

*A. Perry*, for respondent.

E. D. SMITH, J. The only question presented upon this appeal is whether a trustee of land, under a valid trust to receive the rents and profits of said land and apply them to the use and support of an infant, until such infant arrives at the age of twenty-one years, with an absolute power to sell such land and invest the proceeds thereof for the benefit of such infant, can institute a suit in equity to partition said lands, held in common with other persons of adult age.

By the common law, as well as under the statutes of this State, partition between tenants in common of real property, is matter of right when either of said parties will not consent to hold and use such property in common. *Smith* v. *Smith*, 10 Paige, 470; *Van Arsdale* v. *Drake*, 2 Barb. 600; 2 R. S. 317. The provision of the Revised Statutes, section 1, requires that the party applying for partition be of full age. This is the only restriction upon the absolute right of a tenant in common, or joint tenant, to institute the suit or proceeding by petition. The statute of 1852, entitled "An act in relation to the partition of land," takes away this restriction and authorizes any infant possessed of real estate, as tenant in common or joint tenant, to institute such proceedings in the supreme court by leave of that court. But independent of this provision, I can see no reason why the plaintiff cannot maintain this action. She is of full age and seized of the premises, and is vested with the whole estate, subject only to the execution of the trust. 1 R. S., part 2, ch. 1, § 60.

The person for whose benefit an express trust is created under this statute, and allowed in section 55, "takes no estate or interest in the land," but may simply enforce the performance of the trust in equity. § 60. Section 1 of the statute providing for the partition of land, 2 Revised Statutes, 317, *supra*, provides, that when several persons shall hold and be in possession of lands, etc., as joint tenants or tenants in common, any one of them may have partition with the qualification above stated. This plaintiff holds and is in possession of the lands of which partition is sought, in common with the defendants. She is within the precise terms of the statute. Certainly either of the defendants could have partition here, and I can conceive no reason why the plaintiff may not. The plaintiff might sell these lands and invest the proceeds, under the power conferred upon her in the deed of trust. But the partition of lands held in common by and under the authority of this court is not the exercise of a power. It is merely the division of the common lands for the mutual benefit of the parties interested therein, that each of the tenants in common may separately enjoy, use and improve his own part and parcel thereof. It may be greatly for the interest and benefit of the trust estate in this case, that the plaintiff have such right of separate use and enjoyment of the one-fourth of this property ; at least the plaintiff is clearly entitled to exercise her own judgment and discretion upon the question.

I think the judgment should be reversed, and defendants allowed to answer upon the usual terms.

*So ordered.*