Van Vorst, J.
This is an action for the construction of the last will and testament of Fredeiick P. James, deceased. The will was admitted to probate by the surrogate of Putnam county, where the deceased had a dwelling house in which he lived during a portion of the year. He also had a house in the city of New York in which he resided during other parts of the year. He died in the city of New York. The probate of the will by the surrogate of Putnam, county must be accepted here, and until set aside or reversed is to be regarded as valid. The matter of residence depended upon facts to be determined by. the surrogate, and with his decision I cannot interfere upon this trial. If the surrogate was in error, his decision must be corrected through an appeal..
*248 The important question to be determined in this action is, Does the will create in the executrix a trust over the estate or-any part of it? An intention on the part of the testator to make ample and considerate provision for his wife during life is conspicuous in the will. He gave to her, for her sole" use, enjoyment and benefit during her life, “ without restraint, deduction interference in any manner whatever,” one-half the income of all his property of every kind of which he •should die possessed, and also the use and occupation of his two houses, one in the country and the other in the city. He further gave to her all the household furniture, plate, books, ornaments, horses and carriages, farm implements and property of every description upon or appertaining in any manner to the houses and residences. The gift of “one-half the income” of all his property means, in this instance, • one-half the gross income, for the reason that the testator has imposed upon the remaining half of the income all charges upon his estate. The language of .the testator expressing such intention is in these -words-: “I give, devise and bequeath to my legal heirs the remainder of the income from my property, -during the life of my wife, after the payment and discharge of all taxes, assessments'and charges, interest ;and obligations against my estate.” Such remainder of income given to the heirs is, therefore, what is left after the payment thereout of all such charges. An . absolute gift of the income from property invests the donee with the legal title to the property itself for the period during which he is to enjoy the income, and no • estate in trust in another can arise unless such trust be created in direct terms or is created by a direct implication. The intention of the testator, as disclosed by his will, must, however, control.
I am of the opinion that there is enough in this will to show that the testator intended that Ms wife- *249 should, so long as she lived, manage and control his property, and that such management included the right and power to receive the rents and income, and that the heirs should receive from her their proportion of the same.
The words trust or trustee are not used in the will, nor was it necessary that they should be to create such relation. If the duties imposed are such as to require that the person upon whom they are cast should have the legal estate for their proper and convenient discharge, it would be enough to show the testator’s intention in that regard. It is quite clear that the testator did not mean that his estate should be divided nor its unity broken during the life of his widow. As executrix she was clothed with a power of sale, but no further than was necessary to pay the debts of ¡he testator. But the personal estate is largely in excess of all indebtedness. The actual partition now demanded by the plaintiff of this property would break into and destroy the scheme disclosed by the testator's will.
The testator gave to his “legal heirs” the “reversion and ownership” of all his estate and property, after the death of his wifes with the reservation, exception and direction that in the event of any of his “legal heirs” making any attempt, directly or indirectly, in any manner or form, to interfere with or restrain in any manner his “beloved wife” from the full enjoyment, use, management, and direction and disposition of the property and income of his estate, as by him devised, then and in that event such person should be forever debarred from any part, parcel or interest, or ownership or inheritance in any part of the testator’s property, and should be excluded from sharing in the same, and the share that would otherwise have gone to him or her was given to the remaining heirs according to law.
*250 This clause in the will shows clearly enough that the testator intended that his wife should have the full enjoyment, use, management, direction and disposition of the property, and the income of his estate, for executing the purposes of the will, in accord with its provisions. And any and all interference therewith by the heirs, directly or indirectly, was absolutely forbidden in the most effective way. Any present partition of the whole estate, and the division and distribution among those who are ultimately to enjoy the whole estate, would be a clear breach of the testator’s expressed intention that his wife should have the use, management, direction and disposition of the property and income of the estate. Such use, management, direction and disposition were not, however, to be arbitrarily exercised, but only to effectuate the testator’s intention, as by his will expressed—in his own words, “ as herein devised.”
The words “use” and “disposition” employed by the testator suggest nothing in opposition with or contrary to the bequests and devises by him made. These words, and others in the same connection, place her in the attitude of trustee, with all its duties and responsibilities. The estate was to be managed by the widow during her life in its entirety, its income-bearing quality guarded so that the corpus of the property might in the end be preserved for those who were to receive it after her death, the income meanwhile to be disposed of, after payment of charges, as he had directed.
The testator had no descendants, and clearly had confidence in the ability of his wife to take care of the property, as he had while living done, and to carry out the terms of his will. He declares that no bonds or security should be exacted from her. The great bulk of the testator’s estate, as has been seen, was in the end, and after the death of his wife, given to the *251 “legal heirs” of the testator. Except as to a small part thereof—the personalty absolutely given to her— she bad no right to appoint or bestow any part thereof, nor can she in any way defeat or diminish the gifts over. But as long as his wife should live, the dominion over his estate was given exclusively to her, for her use, enjoyment and benefit, subject only to the directions expressly made with regard to the remainder of the income over and above what was given to her, and to be exercised “without restraint, deduction or interference” from any quarter.
The testator evidently meant to make the position of his wife, even as trustee and guardian over his property, independent in so far as he could. She was not to receive any portion of her income in driblets from his “legal heirs,” which would be the case if the estate was now partitioned, as is demanded by the plaintiff, among the several legatees and devisees. The present use and enjoyment of the estate by them, with the right to collect the rents, income and profits thereof, would be wholly inconsistent with the use and management which the testator has clearly cast upon his widow. Some person was intended to receive the income and to pay the faxes, assessments, charges and interest against the whole estate out of the one-half part thereof, and the whole will points to the testator’s wife as snch person. The will was not drawn by a lawyer, but the expression of the testator’s mind, though a layman, are in accord with what wonld seem entirely reasonable as proceeding from one who had confidence in the prudence and capacity of his wife.
A distinct, point made by the plaintiff’s counsel is, that the distribution of the estate between the “legal heirs” of the testator should be per capita.” The testator left no father or mother, but did leave brothers, sisters, and the descendants of deceased brothers *252 and sisters. The plaintiff is a grand-nephew of the testator. The gift is of the remainder of the income, and of the whole estate, after the death of the testator’s wife, to his “legal heirs.”
Several cases are cited by the plaintiff’s counsel which are supposed to support his contention, amongst which are Ward v. Stow (2 Devereux Eq. [N. C.] 509); Campbell v. Wiggins (Rice Eq. [So. Car.] 10). But I am persuaded that the better authority is adverse to such view. I have no idea that the testator intended that the devisees and legatees should take otherwise than as “ per stirpes.”
It is to be observed that the testator does not declare that his estate is to be divided “equally among” his heirs as a class. To determine who are included in the class designated as the “ heirs at law” of the testator, reference must need be had to the statutes of'this State, where the testator was domiciled, regulating descent and distribution of estates. A recent case upon this subject, to which I. am referred by Mr. Sewell, is Kelley v. Vigas, in the supreme court of Illinois (in The Reporter, vol. XX. 103), which sustains this view. See also the cases referred to in Kelley v. Vigas.
The principal relief demanded by the plaintiff—the partition of the estate,—must therefore be denied, but the will itself is construed in the manner above mentioned, and judgment must be awarded accordingly.