TAPPAN, J.:
The lands sought to be partitioned", belonged to Enoch B. Sails, now deceased, and came to* the defendants, his heirs, by descent. He died in January,, 1884, leaving debts due to the defendants, Baird and Craig, Letters of administration were issued on his estate in February, 1886, to the defendant, Lovina C. Sails. His personal estate has been administered and found insufficient to pay his debts. No application has been made to the surrogate for a sale of the lands sought to be partitioned herein, for the payment of the decedent’s debts. The referee’s report shows that a sale of all the lands described in the complaint is necessary to protect the interests of all the parties.
The personal representatives of Enoch B. Sails and all parties having liens on the land, together with the creditors; of said Enoch B. Sails and the creditors of Samuel A. Sails, his deceased son, and one of his heirs, have been made-parties herein, as provided by section 1538 of the Code of Civil Procedure, which went into effect, as last amended, September 1, 1890.
The defendant, Erwin, took a mortgage December 30, 1877, on the right, title and interest of said Samuel A. Sails in and to one of said parcels of land.
Under section 2750 of the Code of Civil Procedure, the debts of a decedent are liens on his real estate for three years ; and such real estate descends to his heirs, subject to such lien. After the expiration of three years from the time of issuing letters of administration, the surrogate has no jurisdiction to sell the lands of a decedent for the payment of his debts. The only way to get a lien in case lands have not been sold, after the time to sell under a decree of the surrogate has expired, is to bring suit against the heir pursuant to chap. 15, tit. 3, art. 2 of the Code of Civil Procedure, and thus to have the land remaining in the heir charged and sold for the payment of debts. If the lands have been sold under certain circumstances, a *120 judgment may be obtained against the heir for a sum not exceeding the value thereof.
It is,not contended that the defendant, Erwin, took his mortgage with knowledge that there were any debts of Enoch B. Sails that could be charged upon and paid from his real estate. He is an innocent purchaser for value and takes, after the three years have expired-, the interest of the mortgagor in the estate mortgaged, freed from the lien of the debts of the ancestor of such mortgagor.
His claim is prior to that of the defendants, Baird and Craig, and they can take no part of the proceeds of the sale of the land descended to the mortgagor, before said Erwin’s mortgage is paid. Parkinson v. Jacobson, 18 Hun, 353 ; Slocum v. English, 4 T. & C. 266; s. c., 2 Hun, 78 ; aff’d 62 N. Y. 494; Hyde v. Tanner, 1 Barb. 75—80.
The defendants, Baird and Craig, have not answered; they have'no status for asking costs.
Where no issue is made, costs cannot be awarded to a defendant; costs to guardians ad litem for infant defendants are allowed under the general equity powers of the court.
There is power to make an additional allowance to plaintiffs under section 3253 of the Code of Civil Procedure. An additional allowance should be granted to plaintiff. The action is complicated in its nature. Under the decree herein, a sale will divest all parties to the action of their right and estate in the premises sold, and transfer such rights to the proceeds of sale. This action obviates the necessity of bringing actions against the heirs of Enoch B. Sails, giving all parties interested their remedies in accordance with their respective rights.
Plaintiffs are allowed an additional allowance of costs equal to 5 per cent, upon the amount produced by the sale, but not to exceed $350;
*121 .Note on Who may Bring Partition, and Who may be Made Parties Defendant.
The statutory modifications of the remedy by action for partition, have nearly all been in the direction of increasing the classes of parties who may bring such a suit, and the •classes of persons who may be made defendants.
The present state of the law will be most clearly under•stood by noting successively the usual condition of estates in respect to which the question arises, and who are proper plaintiffs in each situation.
For important illustrations of the way in which, under •these rules, nearly all the equities affecting the property may be worked out and adjusted, see note on Special ■Clauses in Judgments in Partition, in 20 Abb. 'JY. ■C. 102.
Jurisdiction. It is to be observed that the following rules •as to who may bring partition are not necessarily jurisdictional. They go to the sufficiency of plaintiff’s cause of action, or the misjoinder of plaintiffs, not necessarily to the jurisdiction of the court. Cromwell v. Hull, 97 N. Y. 209 ; Reed v. Reed, 107 N. Y. 545 ; Hasten v. Olcott, 101 N. Y. 152.
And if the plaintiff is one who would be a proper party, and the court has jurisdiction of the subject and the necessary parties have all been joined, and no appeal is taken, the partition will give good title. Reed v. Reed, 107 N. Y. 545.
Case 1. Intestate parent. Where a sole surviving parent dies leaving heirs who take as tenants in common, any heir may maintain partition against the others (Code Civ. Pro. §1532). If, however, in this or' any other class of cases, plaintiff be an infant, leave of the surrogate be first had ,(§1534) ; and the fact that the infant has a general guardian does not entitle the guardian to sue, (§§468, 1686) ; but a guardian ad liteni must be appointed ohly by the court (§ 1535), and must give security (§ 1536) but the infant is to be named as the plaintiff, describing him or her as suing by ■.the guardian ad litem named. (See Spooner v. Del., Lack. W. R. Co., 115 N. Y. 22.)
Case 2. Devise to tenant in common or joint tenants. The ■same rule applies to devisees or grantees to whom property lias been given as tenants in common, or share and share .alike, and to devisees or grantees to whom it has been given in their own right in joint tenancy.
Case 3. Tenants by the entirety. Husband and wife taking as such, that is to say as tenants by the entirety, are not *122 within the statute, unless the words “ joint tenants ” in §§• 1532 and 1533 may be deemed in a general sense to include such a tenancy. Strictly those words do not. (Stelz v. Schreck, 128 N. Y. 263, Peckham, J., saying: “ It is not a joint tenancy in substance or form.”) But they are within the-equity of the statute ; and since husband and wife may now make pártition by deed,(L. 1880, p. 676, c. 472,) there seems to-be no reason why a court of equity should not take jurisdiction where it is equitable to decree partition between them,, for partition in equity is foundéd upon the reasonableness of requiring the parties to release to each other by deed, and compelling them to do so when they unreasonably refuse..
Case 4. Intestate husband and father. Where a husband and father dies intestate, a child may bring partition before the widow’s dower has been admeasured, (§ 1553), in which case, if actual partition is decreed, the one-third will be set off to the widow as if admeasured in the ordinary way (§ 1553) and the shares of the remaindermen in that third may be allotted among them, subject to her tenancy for life (§ 1553). If sale is decreed, the court must determine-whether the third shall be sold free of her claim, or reserved till the termination of her life estate (§ 1567).
If dower has been assigned before partition, then a child' may bring partition as before, joining the tenant in dower (§ 1535) and with the same result. If, in either case, sale is decreed, the widow may have one-third the proceeds invested for her for life (§ 1568), or may accept a gross sum in lieu (§ 1569).
Case 5. Devise to widow for life and remainder to children m fee. In this case the widow is entitled to possession ; but either of the children can maintain partition against the others, joining the widow if he please (§ 1539), and the decree will be subject to her rights, unless she consents to a sale, (§ 1533), and the court deem it best that her interest be sold (§ 1567), in which case she may have one-third of the proceeds invested for her life (§1568), or have her life estate valued, and a gross sum paid her absolutely (§ 1569).
The fact that a share in remainder is liable to be divested by death before the termination of the life estate, though it may be a good reason for not making actual partition, does not deprive the court of jurisdiction ; and if no objection on that account be raised, a purchaser at sale gets good title..
Case 6. Devise in trust for life of widow, remainder to-children. If a valid express trust is created, the beneficiaries of the trust have not as such any estate in the lands, and as beneficiaries cannot have partition. Any of the remaindermen can bring partition against the others ; and the: *123 decree will be subject to the right of the trustees (§ 1533), unless the trustees consent to a sale, which, of course, they will not do except under sanction and approval of the-court for reasons advantageous (or at least under circumstances making it not prejudicial) to the trust estate.
But if the trustees have an absolute power to sell, especially if they can distribute proceeds in lieu of land, this may be a reason for refusing to make partition.
Case 7. Single life tenant and single tenant in remainder. Here is no situation for actual partition, and neither tenant can require sale. But if either the life tenant or the remaindermen transfers his or her estate to two or more: other persons, then such transferees are co-tenants and may have partition against each other ; and, in a suit by transferees of the remainder, the life tenant or tenants may consent to a sale.
Case 8. Contest between heirs and devisees. If the heirs of a testator who died in possession desire to contest a devise made by him, they may, although not themselves in possession, bring partition among themselves, joining also the devisees, and impeaching the validity of the devise. A transferee of such a devisee may be also joined. In such an action, establishing the validity of the devise precludes-partition ; establishing its invalidity, allows a decree against the devisee’s claim and a partition between the heirs.
Notes of Statutes and Cases.
I. Tenants in Possession.
II. Remaindermen and Reversiotiers.
III. Heirs Impeaching Void Devise.
IV. Capacity of the Person.
V. Necessity of Plaintiff being in Possession.
VI. Trying Disputed Title.
VII. Defendants.
I. Tenants in Possession.
1. If two or more persons “ hold and are in possession of real property as,joint tenants or as tenants in common, in which either of them has an estate of inheritance, or for life or for years, any one or more of them may maintain an action,” etc. N. Y. Code Civ. Pro., § 1532.
' 2. Who are tenants in common. Tenants in common within the. rule of § 1532 need not be owners of like estates. A husband of a deceased heir holding her share as tenant by the curtesy, is a tenant *124 in common with the other heirs holding in fee, and may maintain partition. Tilton v. Vall, 53 Hun, 324 ; 42 Id. 638.
s. p. Brevoort v. Brevoort, 70 N. Y. 136.
3. Trustee. A trustee, holding title to land under 2 R. S., p. 12 c. 1, § 60, which provides that under a valid trust the entire title, legal and equitable, is in the trustee and the beneficiary takes no estate on the land, but only a right to enforce performance, of the trust,—is, if a tenant in common with other's, within the statute of partition and may sue for partition without leave of court, although the beneficiary be an infant, especially if the trustee has an absolute power of sale to invest the proceeds. Gallie v. Eagle, 65 Barb. 583; s. c., 1 Supreme Ct. (T. & C.) 124.
4. Cestui que trust. Where the apparent legal title is in one and the equitable title in others who have a right to charge the former .as constructive trustee for them, any of the equitable owners may bring partition, joining the constructive trustee ; especially where he admits the trust claiming only a lien for advances and the •decree may provide' for reimbursing the ■ advances. Herbert v. Smith, 6 Lans. 493.
5. If all are in possession under an equitable title, there may be partition if the holder of the legal title is not adverse, as where tenants in common of a mining claim have not yet obtained title from the United States. Aspen Mining, etc., Co. v. Rucher, 28 Fed. Rep. 220.
6. But if the plaintiff has no estate in the land, legal or equitable, being a mere cestui que trust having an inalienable interest, the •default of the trustees to answer in an action for partition will not justify judgment, and protect a purchaser ; for the sale would be void as in contravention of the trust. Harris v. Larkins, 22 Hun, 488.
7. Rejnainder over. One of several co-tenants for life may maintain partition against the others, and join the remainderman ; and the courts have jurisdiction to order sale of the entire premises. Jenkins v. Fahey, 73 N. Y. 355; rev’g, 11 Hun, 351. (Devise for life and conveyance by devisee to several co-grantees.) But by Code. Civ. Pro. §1533, sale without consent is refused.
8. Co7itingent remaiTider. The fact that there are contingent ■estates to which persons not yet in being may become'entitled, does not prevent partition. The statute provides for investing the proceeds to nrotect such interests. Brevoort v. Brevoort, 70 N. Y. 136.
*125 The judgment does not bar persons not in being unless it provides for and protects their interests by preserving proceeds in lieu of the land. Monarque v. Monarque, 80 N. Y. 320, 326.
9. One share subject to life estate. The existence of a life estate in one share does not preclude an owner of another share from having partition, even though he is entitled to share in the remainder in the other part, after termination of the life estate; but the estates-in remainder cannot be divided. Allen v. Libbey, 140 Mass. 82; s.c., 1 New Engl. Rep. 73; 2 Northeast Rep. 791, except under authority of a statute such as Code Civ. Pro. §1533.
II. Remaindermen and Reversioners as Plaijitiffs.
10. “Where two or more persons hold as joint tenants or as tenants, in common, a vested remainder or reversion, any one or more of them may maintain an action,” etc. N. Y. Code Civ. Pro. §1533.
11. In absence of statute to the contrary, the existence of a life estate in possession in all the property,—such as dower of the wife of the ancestor, she being in by his seizin—precludes partition among the remaindermen. Sullivan v. Sullivan, 66 N. Y. 37; rev’g 4 Hun, 198 ; Moore v. Shannon, 6 Mackey, (17 Dist. Col.) 157 ; s. c... 12 Centr. Rep. 401, so holding under Act of Cong, providing that in D, C. all tenants in common may, etc.
12. Hence, in the absence of statute, a remainderman or reversioner cannot maintain partition against a life-tenant of the entire premises, as distinguished from a life-tenant of a co-tenant's share;. Hughes v. Hughes, 11 Abb. N. C. 37; aff’d in 30 Hun, 349.
13. Notwithstanding void devise. Remaindermen can have partition as between themselves notwithstanding a void devise in remainder limited on a valid life estate, by joining the devisees 1- and may have a sale if necessary, by getting consent of the devisee for life. Van Brunt v. Van Brunt, 14 State Rep. 887 ; aff’d on another point in 111 N. Y. 178.
14. — trust. The existence of a power of sale with a power to-take the rents and profits meanwhile for a purpose for which a valid express trust may be created, creates by implication a valid trust,, and the entire estate is in the trustee and -cestui que trustent cannot meanwhile maintain partition. Morse v. Morse, 85 N. Y. 53.
15. Where there is a valid express trust, (whether designated as a trust on the will or created by implication as the necessary result of its terms is immaterial) covering the whole property, though only for life, partition asked by a remainderman may be refused,. *126 and should be if control and management of the entire property as ■a whole, during the life of the life-beneficiary is necessary to carry out the intent of the testator. Woodward v. James, 115 N. Y. 346; mod’f’g 44 Hun, 95 ; which aff’d 16 Abb. N. C. 246.
16. Power of sale. If there is a valid subsisting power of sale and distribution, the court may properly refuse partition, especially where there is a trust. McGregor v. McGregor, 22 Weekly Dig. 305.
So held also where the gift to plaintiff was only of a share in the proceeds of a sale by the executors under the power. Davies v. Davies, 15 Weekly Dig. 118 ; aff’d without opinion in 92 N. Y. 633.
The existence of a power of sale ought not to preclude partition where, after a great lapse of time, it remains unexecuted. So held where the executors for more than twenty-five years had omitted to ■ execute such power and most of the parties interested had conveyed their title in the property, and thus elected to dispense with the execution of the power of sale. Purdy v, Wright, 44 Hun, 239.
Nor should it preclude a partition where -it is a mere power and ■entirely discretionary as to time of execution. Duffy v. Duffy, 50 Hun, 266.
17. Defeasible estate. The fact that plaintiff’s estate is liable to "be divested by a contingency such as death without issue does not preclude him from bringing partition. Howell v. Mills, 7 Lans. 193 ; aff’d in 56 N. Y. 226.
As to the vested character of such an estate, see Sheridan v. House, 4 Abb. Ct. App. Dec. 218.
III. Heirs Impeaching Void Devise.
18. “A person claiming to be entitled, as a joint tenant or a tenant in common, by reason of his being an heir of a person who died, holding and in possession of real property, may maintain an .action for the partition thereof whether he is in or out of posses■sion, notwithstanding an apparent devise thereof to another by the decedent, and possession under such a devise. But in such an . action the plaintiff must allege and establish that the apparent • devise is void.” Code Civ. Pro. § 1537, revising L. 1853, c. 238, § 2.
19. Partition notwithstanding void devise. By the above statute the existence of an alleged void devise and possession by the devisee is no obstacle to partition between the heirs (Wager v. Wager, 23 Hun, 439), if the ancestor died in possession ; and in. such case the devisee (Henderson v. Henderson, 44 Hun, 420 ; and see 46 Id. 509; or his grantee or both, Malaney v. Cronin, 44 Id. 270), is joined as a *127 •defendant, and the relief asked includes the adjudging the devise to be void.
20. Will void in part. If a will purporting to devise to one for life and to another in remainder is valid as to the life estate and .void as to the remainder, one of several heirs entitled to take on the termination of the life estate may maintain partition j and if a sale be necessary may have it if the tenant for life consents, Van Brunt v. Van Brunt, instate Rep. 887; affd. on other grounds in 111 N. Y. 178.
IV. Capacity of the Person.
21. An infant cannot bring partition without leave of the court on evidence of its necessity, Code. Civ. Pro. §§1534, 468, 1686, and this rule requires leave before joining an infant as -co-plaintiff with an adult. Struppman v. Muller, 52 How. Pr.211.
22. —an alien, since he can take real estate subject to the right of the state to escheat, may bring partition as a citizen might, except that if he has not plead a declaration of intention, he must make the State a party. Nolan v. Command, 11 Civ. Pro. R. 295.
23. A transferee of the estate of a tenant in common—as, for instance, as an assignee in bankruptcy—can bring partition. Rutherford v. Hewey, 59 How. Pr. 231. Compare Dubois v. Cassidy, 75 N. Y. 298, where it was doubted whether a receiver in supplementary proceedings obtains under the statute sufficient title ; which is to be removed by Wright v. Nostrand, 94 N. Y. 31; compare Powelson v. Reeve, 2 N. Y. Weekly Dig. 375 Miller v. Levy, 46 N. Y. Super Ct. 207.
Especially if he has an assignment. Payne v. Becker, 87 N. Y. 153 ; rev’g. 22 Hun, 28. Otherwise of a receiver claiming dower not yet admeasured. Id.
V. Necessity of Plaintiff being in Possession.
25. In absence of statute, plaintiff ¡must be in possession. 1879, Grobe v. Hoehlein, 1 Month. L. Bul. 375 ; 1881, Manolt v. Brush, 3 Id. 66; Therasson v. White, 52 How. Pr. 62. Morse v. Stockman, 65 Wisc. 36; s.c., 26 Northwest Rep. 176.
But constructive possession, such as the law draws to the legal title is enough. Wainman v. Hampton, 110 N. Y. 429.
And an ouster by a co-tenant, to put an end to such constructive possession, must be clear and decisive. Hulse v. Hulse, 23 State Rep. 123, (holding that a co-tenant being in possession and *128 claiming under an alleged contract of sale by the ancestor was not alone enough).
s. p. Malaney v. Cronin, 44 Hun, 270 (of an heir and his grantee who claimed under a devise which was void).
s. p. Walther v. Regnault, 56 Hun, 560, (where one co-tenant collected the rents as administrator).
26. Exceptions by statute. Under the N. Y. Code there are two-classes of cases where he need not be in possession : (1) where he and his co-tenants are remaindermen or reversioners, and (2) where he claims as one of several heirs whose common ancestor died in possession, and he seeks to impeach an alleged devise by that, ancestor.
VI. Trying Disputed Title.
27. In the absence of statute, equity would not act except on the-undisputed legal title.
When it was established that a transferee of the estate of a co-tenant could bring partition, the question arose whether the valid ity of his transfer could be litigated. In the English chancery and in this country, courts of equity declined to make partition if title was disputed, but allowed the bill to be retained until the complainant should establish his title at law. Nash v. Simpson, 78 Me. 142.
s. p. Chapin v. Sears, U. S. C. Ct. N. J. (1883) 18 Fed. Rep. 814 s. c., 17 Rep. 325 ; Seymour v. Ricketts. 21 Nebr. 240; s. c., 31 Northwest. Rep. 781.
. If the holders of all apparent legal titles were before the court, and the only question was as to the equitable title, equity would determine the right, Wainman v. Hampton, 110 N. Y. 429; Coxe v. Smith, 4 Johns Ch. 271 ; Read v. Huff, 40 N. J. Eq. 229; s. c., 25 Am. L. Reg. 150; Lynch v. Lynch, 18 Nebr. 586 ; Hayes’ Appeal, 123. Pa. 110.
If one tenant ousted his co-tenant, the latter must recover in ejectment before he could have a decree in partition, Culver v.. Rhodes, 87 N. Y. 350.
28. Under the N. Y. Statute, not only may a devise alleged to-have been made by the ancestor dying in possession be impeached (see parags. 18 above) but “ The title or interest of the plaintiff in the property, as stated in the complaint, may be controverted by the answer. The title or interest of any defendant in the property as stated in the complaint may also be controverted by his answer, or the answer of any other defendant; and the title or interest of *129 any defendant as stated in his answer, may be controverted by the answer of any other defendant.”
So that now disputed title may be freely tried in partition.
VII. Defendants.
Many classes of persons are proper defendants who could not be plaintiffs.
29. Owners of shares. “ Every person having an undivided share, in possession or otherwise, in the property, as tenant in fee for life by the courtesy, or for years” must be a party. Code Civ. Pro. § 1538; see also parags. 2, 3, 7 etc., above.
30. Life estates and terms. “A tenatit in dower, by the courtesy, for life or for years of the entire property,” may be a party, at plaintiff’s election § 1539, and if not, is not affected by the judgment.
31. Right of dower. “ Every person having a right of dower in the property or any part thereof, which has not been admeasured!' must be a party, §1538.
32. Inchoate right. Before 1890 the Code contained as to inchoate right of dower, this clause : “ Every person having an inchoate right of dower in an undivided share in the property” must be a party, §1538. But this clause was omitted by the amendment of 1890, p. 914, c. 509, Its omission does not seem to deprive the wife of her protection, and it is difficult to see why it should preclude the plaintiff from joining her, for other sections providing forthat are left unimpaired, §§ 1570, 1571.
33. Remainders, etc. “ Every person entitled to the reversion-remainder or inheritance of an undivided share after the determination of a particular estate therein must be a party,” § 1538, and see parags. 7, 13, etc.
34. Contingent interests. “ Every person who by any contingency contained in a devise, grant or otherwise, is or may become entitled to a beneficial interest in an undivided share thereof must be a party, § 1538 and see parag. 8. See notes in 26 Abb. N. C. 407; 18 Id. 297.
35. Executor, etc, andcreditor of necessary party. “ The executors or administrators and creditors of a deceased person who if living should be a party” must be parties and the premises may be sold free from his debts. § 1538 as amended in 1890.
If upon the death of one of two or more plaintiffs, or one of *130 two or more defendants pending the action, his interest passed to a third person, the latter may be brought in, § r 588.
36. Creditors. A creditor or other person having a lien or interest which attaches to the entire property maybe a party, at plaintiff's election, § 1539, and if not is not affected by the judgment.
A creditor having a lien on an undivided share or interest may be made a party at plaintiff’s election, § 1540, unless the owner of that share is deceased, in which case the creditor must be made a party ; see 35, above.