Munson and others, Trustees, Respondents, vs. Bringe and others, Trustees, Appellants.

*May 3—June 1, 1911.*

*Religious societies: Trusts and trustees: Partition of parsonage owned by several churches.*

1. As between the trustees of a church corporation and its members, their beneficiaries, there is a trust relation, and the church property, as between the members, is also held in trust for the purposes for which it was acquired.

2. But one church or congregation or church corporation is not, by a mere joint purchase of real estate with others, made trustee for such others, especially where the trustees of each unite in the purchase merely for economic reasons or business convenience, each congregation or corporation contributing its own money to the purchase, and there is no trust expressed in the conveyance or forming part of any agreement between the purchasers, and the deed of conveyance is in the ordinary form, running to tenants in common and conveying to each an undivided interest in the land.

3. In such a case the fact that there is an implied trust existing between each church corporation holding title and its members is no obstacle to partition of the real estate among the several churches, where neither the partition nor sale contravenes that trust, as where the land in question is a farm purchased as a residence for the pastor serving the several churches.

4. Under ch. 134, Stats. (1898), as amended, the action for partition may be maintained by one of the tenants in common, and the rights of all the churches which, by paying a part of the original cost of the land after the original purchase, have acquired equitable interests therein, can be protected by the judgment.

APPEAL from a judgment of the circuit court for Vernon county: E. C. HIGBEE, Circuit Judge. *Affirmed.*

Action for partition of land, brought by the trustees of the Norwegian Evangelical Lutheran Church of Utica against the trustees of the Norwegian Evangelical Lutheran Church of West Prairie, the trustees of the Norwegian Evangelical Lutheran Church of Northwest Prairie, and the trustees of the Norwegian Evangelical Lutheran Church of Bad Axe. The plaintiffs had judgment, and the defendants appeal.

For the appellants there was a brief by *Jones & Schubring,* and oral argument by *B. W. Jones.*

For the respondents there was a brief by *McConnell & Schweizer,* and oral argument by *C. H. Schweizer.*

TIMLIN, J.    The facts established by the findings are, that on November 16, 1869, Anna Nash, owner in fee of a certain parcel of land, conveyed the same by warranty deed to the trustees of the West Prairie Norwegian Evangelical Lutheran Church, the trustees of the Kickapoo Norwegian Evangelical Lutheran Church, and the trustees of the Bad Axe Norwegian Evangelical Lutheran Church, which were three church congregations organized and existing.    For brevity we may designate these as the West Prairie church, the Kickapoo church, and the Bad Axe church.    These church congregations afterward became incorporated, the first in 1871, the second in 1872, and the third in 1871.    The Norwegian Evangelical Lutheran Church of Utica (hereinafter called the Utica church), the plaintiff, was formed and incorporated in 1872 by members of the first mentioned corporations.    The Norwegian Evangelical Lutheran Church of Northwest Prairie, hereinafter called the Northwest Prairie church, was formed and incorporated in the same manner in 1874.    Each of these several church congregations mentioned owned and maintained its own church buildings where services were held.    The congregations formed a so-called union for the purpose of providing

one minister for the several congregations comprising the
union.    The land in question was purchased to be used and
has in fact been used since 1869 as a parsonage for the clergy-
man who served the several congregations.    It was so used
by the three original grantees in the deed from 1869 to 1872,
from 1872 to 1874 by these three and the plaintiff, and from
1874 to 1894 by these three, the plaintiff, and the Northwest
Prairie church.    In 1894 the Kickapoo church withdrew
from the union, and from that time until 1906 the property
was used by the West Prairie church, Bad Axe church, Utica
church, and Northwest Prairie church.    In 1906 the Utica
church withdrew from the union, and since that time the real
estate in question has been used by the remaining churches.
As each of these churches withdrew from the union it joined
what is called the United church, but there is no doctrinal dif-
ference between this and its former faith.    Shortly after the
Kickapoo church withdrew it executed a deed to the West
Prairie church, the Northwest Prairie Church, the Bad Axe
church, and the Utica church of an undivided one-fourth part
of the land in controversy, and on January 7, 1908, a quit-
claim deed of another part of the land in controversy, and on
January 7, 1909, a quitclaim deed of the remainder of the
land in controversy.

The union of the three original churches which resulted in
the purchase of the land from Nash was not in pursuance of
any religious tenet or regulation of church discipline or or-
ganization, but was a mere business arrangement for econom-
ical purposes.    The corporations or associations each required
services of a pastor, and instead of each employing a pastor
all united to employ one.    It was necessary or convenient for
economical reasons to supply the pastor with a dwelling and
a piece of farming land, because this tended to reduce the
amount which otherwise must be paid to him in money.
They bought this piece of land, each church contributing its
share of the purchase money, and they received therefor a

deed running to all as tenants in common. There was no trust expressed in the deed nor in any oral or written agreement concerning the land. The union was not for any fixed period, consequently it was to exist during the pleasure of the several churches.

We are satisfied that the findings of fact are supported by the evidence, and that the joint purchase of this land for a parsonage to be used as stated was not with the intention of devoting that land in trust to the maintenance or propagation of any particular doctrine, but was solely a matter of business convenience. The case in this respect is unlike *Latshaw's Appeal,* 122 Pa. St. 142, 15 Atl. 676, where a union of several congregations called a "ministerial charge" was part of the church discipline or organization, and the deed of conveyance ran to the trustees of several congregations which "form the Mahanoy Lutheran Ministerial Charge of said county of Northumberland." The case last cited is also an extreme case and of doubtful authority. In the instant case the contention of the appellants would lead to the conclusion that several church corporations could not purchase or hold real estate as tenants in common, subject to the ordinary incidents of such tenancy, and that, once having united in furnishing the pastor a dwelling and the use of a farm in part compensation for his services, they must continue this union and this mode of compensating the pastor forever. As between the trustees of a church corporation and its members, their beneficiaries, there is a trust relation, and the church property as between the members is also held in trust for the purposes for which it was acquired. *Marien v. Evangelical C. Cong.* 132 Wis. 650, 113 N. W. 66. But one church or congregation or church corporation is not, by a mere joint purchase of real estate with another, made trustee for the latter congregation or corporation. This is especially true when each congregation or corporation contributes its own money to the purchase, where the trustees unite in the purchase merely for economic

reasons or business convenience, and where there is no trust expressed in the conveyance or forming part of any agreement between the purchasers, and the deed of conveyance is in the ordinary form, running to tenants in common and conveying to each an undivided interest in the land.

A resulting or constructive trust was not considered any obstacle to partition in *Barker v. Barker,* 14 Wis. 131, and the mere fact that several trustees hold interests in common in a piece of land, each being trustee for different beneficiaries, has never been considered an obstacle to partition as between the trustees. *Phelps v. Townsley,* 10 Allen, 554; *Gallie v. Eagle,* 65 Barb. 583; *Cheesman v. Thorne,* 1 Edw. Ch. 629; other cases in 21 Am. & Eng. Ency. of Law (2d ed.) 1156; Freeman, Cotenancy (2d ed.) § 439. Where a trust prevents the partition of property it is because that partition may destroy the trust or conflict with its terms. In the instant case there is no trust existing between the several churches, nor is there any agreement which can conflict with partition. The fact that there is an implied trust existing between each church corporation holding title and its members is no obstacle to partition between the several trustees, where neither the partition nor sale contravenes this trust. This farm was purchased to be used as a parsonage; that is, a residence for the pastor and a farm of which he had the use. The cash proceeds of the farm could as well be devoted to the same purpose. Where a church or cemetery is situated upon the church property the case is obviously different, for each of these requires the land to continue as land in order that it be maintained. The plaintiff has some title in common by conveyance from the Kickapoo church and some interest in common in the land which may be larger or smaller than its legal title. Other congregations have, by entering into the union and paying their proportion of what this land cost the original tenants in common, obtained equitable interests which may be protected by the judgment in this action under

·ch. 134, Stats. (1898) ; ch. 336, Laws of 1899 ; ch. 280, Laws ·of 1903 ; and ch. 283, Laws of 1909. The last mentioned is ·a most comprehensive statute. Its construction is not necessarily before the court in this action further than to warrant us in saying that it is broad enough to authorize the maintenance of this action by the plaintiff and the recognition and protection of the rights of the churches who joined the union and paid in their agreed share after the original purchase from Nash. No error is assigned because the findings authorize a sale instead of a division·of the property, or because the findings provide that any of the parties to this action, but no others, may bid at the sale, or that the purchaser at the ·sale must hold the property for the purpose for which it was ·originally acquired—that is to say, for church purposes only. It is not intended to affirm the correctness of these provisions and limitations. They are sufficiently supported in this case by the fact that the parties to this action acquiesce in the same.

*By the Court.*—Judgment affirmed.