45  211
53  237

# CHARLESTON.

Brown *et ux. v.* Miller's Executors *et al.*

Submitted June 3, 1898—Decided November 19, 1898.

1.  Wills—*Conversion—Equity.*
    Where a will directs land to be sold and divided among legatees, it is, in equity, a conversion of land into money.   (p. 212).

2.  Wills—*Conversion—Election.*
    The beneficiaries may generally prevent actual conversion by sale, and take the land; but all those entitled must unite in such election.   One cannot force an election upon others.   (p. 212).

Appeal from Circuit Court, Marshall County.

Bill by John W. Brown and Mary J. Brown against Henry Miller's executors and others.   Decree for defendants, and plaintiffs appeal.

*Affirmed.*

Ewing, Melvin & Ewing, for appellants.

Henry M. Russell and Meighen & Oldham, for appellees.

Brannon, President:

Miller by his will devised a tract of land to his wife for life, and directed that at her death it be sold and its proceeds divided among his children.   A daughter, Mary J. Brown, owning her tenth and a share which she had purchased of another child, and her husband, who had purchased interests, so that they owned one half, filed their bill asking that the tract be partitioned in kind, and not sold as directed by the will, and stated that two sons of

the testator, who were executors, refused to allow a partition, and were going to sell the land, and prayed that they be enjoined from selling. The executors demurred to the bill, and the court held that the plaintiffs had no right to partition, and refused the injunction and dismissed the bill, and the plaintiffs appeal.

This is a bill to enforce what is called an election. Have the plaintiffs a right to an election? It is well known that where a will or a deed directs land to be sold and converted into money, or money to be invested in land, it operates as a conversion, the land assuming the character of personalty, and the money that of land, before actual conversion, and it passes to those taking under the will or deed as personalty or realty, according as the conversion is from the one to the other. *Pratt* v. *Taliaferro*, 3 Leigh, 419. But the party entitled to the beneficial interest may frustrate actual conversion by the exercise of the right of election, under circumstances. Being entitled to the subject, he may take the land or money in its original shape. That excellent late work, American & English Decisions in Equity, in volume 2, in the case of *Ingersoll's Estate*, at page 76, and elaborate note fully discusses the subject. There is one fact, if not others, that denies the plaintiffs such right of election. Their bill shows a distinct direction by the will to the executors to sell the land, and does not show that all the beneficiaries are willing to take the land instead of money. The will having thus directed a sale and conversion into money, every child had a right to have a sale, and no one could exercise this right of election without the affirmative consent of all the others. *Harcum's Adm'r* v. *Hudnall*, point 2, 14 Grat., 369, 376; 2 Am. & Eng. Dec. Eq., 95; 2 Lom. Ex'rs, 294. So, without saying whether or not other provisions of this will as to pecuniary legacies would demand a sale, and deny a right of election and partition in kind, the want of consent of all, which must, but does not, appear, will deny partition in kind. The bill itself shows that two sons refuse to elect to take land in kind, and thus shows a want of equity to sustain the bill, and it was properly dismissed.

*Affirmed.*