[S. F. No. 3705.   Department Two.—May 13, 1904.]

BANK OF UKIAH, Appellant, v. B. F. RICE et al., Respondents; HAZEL FERN RICE et al., Appellants.

ESTATES OF DECEASED PERSONS—CONSTRUCTION OF WILL—DEVISE OF LIFE ESTATE TO WIDOW—FUTURE SALE OF LAND AND DISTRIBUTION TO CHILDREN—CONVERSION, WHEN EFFECTED.—Where the testator devised a life estate in certain real property to his widow, and, without making any devise of the remainder, directed its sale by the executor after the widow's death, and distribution of the proceeds to some of his children, the children named were vested with the entire interest therein, and the result of such direction was to convert the land into personalty, to take effect when the executor had power to make the sale.

ID.—TITLE OF HEIRS SUBJECT TO ADMINISTRATION—DISTRIBUTION UNDER WILL—PARTITION NOT MAINTAINABLE.—Although upon the death of the testator the land descended to his heirs at law, their right ·thereto was subject to administration of the estate and to the testamentary disposition of the testator, and was superseded by the provisions in the will, and a decree of distribution in accordance therewith, and they had no such estate or interest in the land or

right to its possession as will enable them to sustain an action for partition.

Id.—Election to Take Land—Reconversion—Unanimity Essential—Minors Incapable of Election.—The beneficiaries, having the sole interest in the proceeds of sale of the land, might, before a sale, elect to take the land instead of the proceeds, and such election, when exercised unequivocally and manifested to the executor, would divest the executor of his future power of sale and effect a reconversion of the estate into real property, and the relation of the beneficiaries to the land would be the same as if it had been directly devised to them, and an action for a partition could be maintained in such case. But unanimity of all the beneficiaries is essential to effect such election and reconversion, and where some of them are minors incapable of election, there can be no reconversion of the property by any part of the beneficiaries, though they may have manifested their intention to take the land.

Id.—Effect of Distribution under Will—Administration not Closed—Executor to Report Sale and Distribute Proceeds before Discharge.—The effect of the distribution of the life estate under the will, with the direction to the executor to sell and distribute the proceeds upon termination of the life estate, was to leave the administration of the estate unclosed until such sale should be made by the executor and reported to the court for confirmation; and the executor will not be entitled to his discharge until he has accounted for the proper distribution of the proceeds.

Id.—Foreclosure of Mortgage against Beneficiary—Effect of Deed.—The foreclosure of a mortgage made by one of the children named as beneficiaries of his interest in the land, followed by a sale and deed thereunder, though indicative of his election to take the land, could not effect a reconversion. The sheriff's deed passed his interest in the land, and in the proceeds of a sale thereof, in case the power of sale should be subsequently executed.

Id.—Action for Partition—Insufficient Complaint—Finding—Dismissal.—In an action of partition brought by the purchaser under the mortgage, where the complaint does not allege that all of the beneficiaries under the will had elected to take the land, and two of the beneficiaries capable of such election made default, and did not indicate their desire for partition, and it appeared that the remaining defendants were minors incapable of election, a finding of the court that the plaintiff and defendants were not cotenants of the land was sufficiently sustained, and its action in dismissing the complaint was without error.

APPEAL from a judgment of the Superior Court of Lake County and from an order denying a new trial. R. W. Crump, Judge.

The facts are stated in the opinion.

Bond & Haycock, McNab & Hirsch, M. S. Sayre, Guardian *ad litem,* and Sayre & Keeling, for Appellants.

The fee vested in the heirs upon the death of the testator subject to the life estate, and the whole beneficial interest became vested in the four children, for whose benefit the will directed the land to be sold. (Civ. Code, secs. 694-699, 866, 1384; *Brenham* v. *Story,* 39 Cal. 188; *Spotts* v. *Hanley,* 85 Cal. 155; *Smith* v. *Olmstead,* 88 Cal. 586;[1] *Estate of Packer,* 125 Cal. 396;[2] *Estep* v. *Armstrong,* 91 Cal. 662, 663; Williams on Real Property, 97.) An heir may dispose of his future interest. (Civ. Code, secs. 699, 2947; *Barnett* v. *Barnett,* 104 Cal. 301; *Le Breton* v. *Cook,* 107 Cal. 410; *In re Walkerly,* 108 Cal. 648;[3] *Dunn* v. *Schell,* 122 Cal. 626; *Chever* v. *Ching Hong Poy,* 82 Cal. 68.) For the purpose of *"partition,"* the possession of the executors or administrators is the possession of the heirs or devisees. (Code Civ. Proc., sec. 1581; *Ryer* v. *Fletcher Ryer Co.,* 126 Cal. 482; Freeman on Partition, sec. 454.) The decree of distribution was final. (*Estate of Garraud,* 36 Cal. 277; *Wheeler* v. *Bolton,* 54 Cal. 305; *Buckley* v. *Superior Court,* 102 Cal. 10.[4]) The beneficial owners of the property have the right to elect to take the land instead of having it sold. All the owners of the land, including the minors, by their guardian *ad litem,* consent to a partition. (2 Story's Equity Jurisprudence, sec. 793; 3 Pomeroy's Equity Jurisprudence, sec. 1176; Woerner on Administration, 2d ed., sec. 342; *Craig* v. *Leslie,* 3 Wheat. 562, 578, 579; *Greenland* v. *Waddell,* 116 N. Y. 234;[5] *Sears* v. *Choate,* 146 Mass. 395;[6] *Prentice* v. *Janssen,* 79 N. Y. 478.) There was no equitable conversion into personalty until the time for sale, and meanwhile the law of real estate prevailed. (*In re Walkerly,* 108 Cal. 650;[3] *Savage* v. *Burnham,* 17 N. Y. 561; *Vincent* v. *Newhouse,* 83 N. Y. 515; *Underwood* v. *Curtis,* 127 N. Y. 533; *De Wolf* v. *Lawson,* 61 Wis. 473;[7] *Eneberg* v. *Carter,* 98 Mo. 647.[8])

| | |
|---|---|
| [1] 22 Am. St. Rep. 336. | [5] 15 Am. St. Rep. 400. |
| [2] 73 Am. St. Rep. 58. | [6] 4 Am. St. Rep. 320. |
| [3] 49 Am. St. Rep. 97, and note. | [7] 50 Am. Rep. 148. |
| [4] 41 Am. St. Rep. 135, and note. | [8] 14 Am. St. Rep. 664. |

Crawford & Crawford, for Respondents.

The will did not purport to devise the land to the children, and they were legatees, and not devisees, the amount of the legacy to be determined by the proceeds of sale by the executor as directed. (*Estate of Winter*, 114 Cal. 186; *Larco* v. *Casaneuava*, 30 Cal. 561.) The action of partition is a collateral attack on the will, which cannot be permitted. (*Siddall* v. *Harrison*, 73 Cal. 560.) The title of the heirs is subject to administration, and will be wholly divested by a sale by the executor under the terms of the will. (Perry on Trusts, sec. 765; *Larco* v. *Casaneuava*, 30 Cal. 561; *Bennalack* v. *Richards*, 116 Cal. 405.) There is no real estate to be partitioned between the heirs or legatees. (Civ. Code, sec. 1338; *Estep* v. *Armstrong*, 91 Cal. 659; *Jones* v. *Throckmorton*, 57 Cal. 368; *Estate of Walkerley*, 108 Cal. 627;[1] *Fatjo* v. *Swasey*, 111 Cal. 628; 3 Redfield on Wills, sec. 140.) The administration is still pending and unclosed, and cannot be closed until a sale is reported and the proceeds distributed to the legatees, who cannot partition pending administration. (Freeman on Cotenancy, sec. 439; *Richardson* v. *Loupe*, 80 Cal. 490; *Berry* v. *Eyraud*, 134 Cal. 82.) The probate court has exclusive jurisdiction of the estate until the closing thereof. (*Auguisola* v. *Arnaz*, 51 Cal. 435; *Dougherty* v. *Bartlett*, 100 Cal. 496.) Legacies must be paid during administration. (Code Civ. Code., sec. 1666; *Hitt* v. *Den*, 54 Cal. 23.) The executor is bound to carry out the directions of the will and of the court by a sale and distribution of proceeds. (Code Civ. Proc., sec. 1561; *In re Pearsons*, 98 Cal. 603; *Estate of Durham*, 49 Cal. 460; *Perkins* v. *Gridley*, 50 Cal. 97; *Sharp* v. *Loupe*, 120 Cal. 89.) The doctrine of election to take land instead of proceeds does not apply to statutory proceedings in the probate court to carry out the directions of the will, and a decree of sale in accordance therewith. Such proceedings are governed wholly by the statute law. (*In re Wilmerding*, 117 Cal. 281; *Buckley* v. *Superior Court*, 102 Cal. 6;[2] *Sharp* v. *Loupe*, 120 Cal. 89.)

HARRISON, C.—Action for the partition of certain real estate.

---

[1] 49 Am. St. Rep. 97, and note.    [2] 41 Am. St. Rep. 135, and note.

The land of which partition is sought was owned by Charles Coleman Rice in his lifetime and at the time of his death. He died January 11, 1891, leaving a last will and testament in which he appointed his wife, Jane Rice, and his son, Benjamin F. Rice, executors thereof, and, after disposing of certain portions of his estate, made the following disposition of the land in question, viz.:—

"I give and bequeath to my wife Jane Rice all the balance of my ranch saving and excepting any part thereof which I have heretofore disposed of, to be held by her during the term of her natural life in trust by her for the benefit of Jeremiah Farmer Rice, William Isaac Rice, Sam H. Rice, and Lillian Belle Pulliam. After the decease of my wife Jane Rice, I hereby direct my executors to sell all the balance of my ranch and the proceeds thereof to be equally divided share and share alike between my sons Jeremiah Farmer Rice, William Isaac Rice, Sam H. Rice, and Lillian Belle Pulliam."

The will was admitted to probate and letters testamentary issued to the executors therein named, and thereafter they filed a report of their administration, and an account for a final settlement, together with a petition for a final distribution of the estate; and on May 31, 1892, the court made an order settling and allowing the account and distributing the land aforesaid to the surviving widow, "for and during her natural life, and on her death the same to be sold as in said will provided, and the proceeds arising from such sale to be equally divided between Jeremiah Farmer Rice, William Isaac Rice, Sam H. Rice, and Mrs. Lillian Belle Pulliam." June 1, 1891, Sam H. Rice, one of the sons of the testator, executed a conveyance, intended as a mortgage, to the plaintiff herein, of all of his interest in said land. In May, 1895, the plaintiff commenced an action for the foreclosure of this mortgage and obtained a judgment under which the interest of the mortgagor in the land was sold to it, and a deed therefor executed April 15, 1898. Jeremiah F. Rice, another son of the testator, died intestate March 31, 1898, leaving as his heirs at law a widow and two sons. One of these sons died intestate November 13, 1900, leaving as his heirs at law a widow and three minor children. Jane Rice, the widow of the testator, died January 6, 1901. The present action was brought November 29, 1901, in which the plaintiff included

as defendants the surviving children of the testator and the heirs at law of the above named J. F. Rice and of his deceased son. The cause was tried by the court, and upon the foregoing facts the court found that the plaintiff and defendants are not cotenants in the tract of land described in the complaint, and rendered judgment denying the prayer of plaintiff's complaint and dismissing the action. A motion for a new trial was denied, and from this order and from the judgment the present appeal has been taken.

The appellants maintain their right to a partition of the land upon the ground that at the death of C. C. Rice it descended to his heirs at law, of whom they are successors in interest, and upon the further ground that the administration of the estate has been completed, and as the parties herein are the sole beneficiaries in the land they have the right to elect to take the land itself instead of the proceeds arising from the sale.

1. The testator made no devise of the land after the termination of the life estate, but his direction to the executor to sell the same and divide the proceeds equally between the four children therein named vested them with the entire interest therein by reason of their being the sole beneficiaries thereof. The effect of this direction in the will was to convert the land into personalty (Civ. Code, sec. 1338); and the beneficiaries may therefore be deemed legatees rather than devisees. The provision in this section that the proceeds of the sale must be deemed personal property "from the time of the testator's death" is applicable only when the will merely directs the sale to be made without limiting or designating the time at which it is to be made. If the will postpones the time of the sale until the happening of some future event or until some fixed date, the conversion is likewise postponed. There can be no conversion until the executor shall have the power to make the sale. This was clearly expressed in *Estate of Walkerly,* 108 Cal. 652,[1] as follows: "The rule of equitable conversion merely amounts to this, that where there is a mandate to sell at a future time, equity, upon the principle of regarding that done which ought to be done, will for certain purposes and in aid of justice consider the conversion as effected at the time when the sale ought to

---

[1] 49 Am. St. Rep. 97, and note.

take place, whether the land be then really sold or not. But whenever the direction is for a future sale, up to the time fixed the land is governed by the law of real estate.''

While it may be conceded that upon the death of C. C. Rice his title to the land descended to his heirs at law, their right thereto was subject to the administration of his estate, and subordinate to his testamentary disposition thereof. Their right to the land as heirs at law was superseded by the provisions of the will and the decree of the court directing its sale and a distribution of the proceeds. The decree of distribution was a judicial declaration that the beneficiaries therein named were the absolute donees of the entire property in the land after the termination of the life estate. By this decree the property was taken out of the line of descent and adjudged to belong to the four children therein named. The fact that the beneficiaries thus named are also heirs at law is only a mere incident, but does not vary the legal result. Their right to the property as heirs at law was terminated by the decree, and whatever right they have in the land is taken by virtue of the will and not by descent. The land is not devised to them, and even if it should be conceded that until a sale is had by the executor as directed by the decree the legal title will remain in them as the heirs at law of the testator (see, however, section 863 of the Civil Code), it is merely a formal and barren title without any estate or interest in the land, or right to its possession, and is therefore insufficient to sustain an action for partition by them as heirs at law of the testator. (*Armstrong* v. *McKelvey,* 39 Hun, 213; 104 N. Y. 179; *Purdy* v. *Wright,* 44 Hun, 239; *Henderson* v. *Henderson,* 113 N. Y. 1.)

2. The appellants' right to maintain the action by reason of their relation to the land as the beneficiaries under the sale directed by the decree is to be determined upon a consideration of different principles. It is a well-settled rule in equity that where a testator directs land to be sold and the proceeds thereof to be distributed among certain designated beneficiaries, such beneficiaries may elect before the sale has taken place to take the land instead of its proceeds, and when they have so elected and sufficiently manifested their election, the authority to sell the land cannot thereafter be exercised by the executor, but is extinguished. The estate is

thereby reconverted into real property, and by reason of such reconversion the relation of the beneficiaries to the land is the same as if it had been directly devised to them. (*Pearson* v. *Lane*, 17 Ves. 101; *Craig* v. *Leslie*, 3 Wheat, 562; *Hetzel* v. *Barber*, 69 N. Y. 1; *Prentice* v. *Janssen*, 79 N. Y. 478; *Greenland* v. *Waddell*, 116 N. Y. 234;[1] *Mellen* v. *Mellen*, 139 N. Y. 210; *Baker* v. *Copenbarger*, 15 Ill. 103;[2] *Huber* v. *Donoghue*, 49 N. J. Eq. 125; *Swann* v. *Garrett*, 71 Ga. 566; *Sears* v. *Choate*, 146 Mass. 395;[3] Pomeroy's Equity Jurisprudence, sec. 1175; Chaplin on Express Trusts and Powers, sec. 691.) This right rests upon the presumption that the power of sale given to the executor was intended for the benefit of the beneficiaries, and upon the principle that as they are the absolute owners of the entire property in the land, they have the right to direct the disposition to be made of it; and also in consideration of the practical effect of a contrary rule. If they are entitled to the entire proceeds of the sale, they could outbid any other purchaser, and thus indirectly accomplish their desire to retain the land.

Until the beneficiaries, however, make the election for a reconversion of the estate and manifest such election to the executor, they are not entitled to the possession of the land, or to exercise any dominion over it. As executor of the will, he is entitled to its possession until the estate is settled or delivered over to the heirs or devisees "by order of the court." (Code Civ. Proc., sec. 1452.) The land in question was not devised to the executor, nor was any trust therein created in him other than such as pertains to his office as executor. The expression "in trust" in the devise of the life estate to the widow is without significance or legal effect, as no purpose of said trust was named. The testator directed the executor, as one of the functions pertaining to his office, to sell the property and divide the proceeds between the four beneficiaries. Until this is done the administration of the estate will not be closed. The provision in the decree of distribution of the life estate to Mrs. Rice, that on her death the land is to be sold "as in said will provided," is a designation of the executor as the person by whom the sale is to be made, and postpones the closing of the administration

[1] 15 Am. St. Rep. 400.      [3] 4 Am. St. Rep. 320.
[2] 58 Am. Dec. 600.

until after such sale and the distribution of the proceeds.
The sale is to be made by him as executor, and will not be
effective to pass the title without its confirmation by the court
(*Estate of Durham,* 49 Cal. 490), and he will not be entitled
to his discharge until he has accounted for the proper distri-
bution of the proceeds. It was not necessary to obtain from
the court an order to sell the property, but the making of such
order or his application therefor, is irrelevant to the plain-
tiff's right to maintain the present action.

As the reconversion depends upon an election therefor by
the beneficiaries, such election is an affirmative element in the
establishment of their right to the land, and must be mani-
fested by some unequivocal act or declaration (*Mellen* v.
*Mellen,* 139 N. Y. 210); and a plaintiff whose right of action
rests upon a reconversion resulting from such election must
not only show this fact by his complaint, but also establish it
by proof. (*Wayne* v. *Fouts,* 108 Tenn. 145.) The act or
declaration evidencing the intention to make the election may
be slight, but it must be unequivocal. (Jarman on Wills,
*563; *Mellen* v. *Mellen,* 139 N. Y. 210; *Wayne* v. *Fouts,* 108
Tenn. 145.) A conveyance of the land ·by the beneficiaries
is evidence of such election (*Gest* v. *Flock,* 2 N. J. Eq. 108),
since they thereby part with their right to the proceeds of the
sale, as well as their right to the land, and cease to have any
interest in the execution of the power. (*Sayles* v. *Best,*
140 N. Y. 368.) If, however, the reconversion is to be ef-
fected by a conveyance, such conveyance must be made by
all of the beneficiaries, unless the estate is of that character
that a conveyance by one or more of them will not impair the
interest of the others. (*Ebey* v. *Adams,* 135 Ill. 80; *McDon-
ald* v. *O'Hara,* 144 N. Y. 566; *High* v. *Worley,* 33 Ala. 191;
*Harcum* v. *Hudnall,* 14 Gratt. 369; Jarman on Wills, *564;
Chaplin on Express Trusts and Powers, sec. 696.) In *Baker* v.
*Copenbarger,* 15 Ill. 103,[1] the reason for this rule is clearly
stated to be that, "as each has a separate right to insist upon
the bequest as provided by the will, their claim cannot be
defeated except upon the election of all; hence each must
have the uncontrolled right to have the land sold, and to re-
ceive his share of the proceeds of the sale of the land." A
conveyance by one beneficiary of his undivided interest in

[1] 58 Am. Dec. 600.

the land will not operate as a reconversion of that interest, since it needs no argument to show that the value of a tract of land is impaired if the land can be sold only in fractional interests.

As a necessary sequence of the foregoing rule, if any of the beneficiaries are incapable of making an election,—that is, if they are infants, or lunatics, or incompetent, or otherwise disqualified from making contracts with reference to their property,—there can be no reconversion of the estate. (*Seeley* v. *Jago,* 1 P. Wms. 389; *Fluke* v. *Executors,* 16 N. J. Eq. 478; *Carr* v. *Branch,* 85 Va. 597.)

The mortgage to the plaintiff by S. H. Rice of his undivided interest in the land, followed by the subsequent execution of the sheriff's deed under a judgment foreclosing the mortgage, was an act of such a positive and unequivocal character as to indicate his election for a reconveyance, and had the effect to vest in the plaintiff his interest in the land, as well as in the proceeds from the sale, in case the power of sale should be subsequently executed. (*Reed* v. *Underhill,* 12 Barb. 113; *Sayles* v. *Best,* 140 N. Y. 376; *Harper* v. *Chatham Nat. Bank,* 17 Misc. Rep. 221; 40 N. Y. Supp. 1084; *Gest* v. *Flock,* 2 N. J. Eq. 108.) Such election on his part only was, however, as is hereinbefore shown, insufficient to effect a reconversion.

The commencement of the present action by the plaintiff for a partition of the land was also a positive and unequivocal act, indicating its election to take the land, and if all of the parties interested had been capable of making such election, and had united in the prayer for partition, a reconversion would have been thereby effected. (*McDonald* v. *O'Hara,* 144 N. Y. 566; Chaplin on Express Trusts and Powers, sec. 557.) The complaint herein does not, however, allege that the beneficiaries have so elected, nor does it contain any fact indicating a reconversion of the estate, or from which such reconversion can be inferred, and it appears from the record that, of the defendants, two of the beneficiaries who are appellants did not appear or in any mode indicate their desires, but made default to the complaint, and that three of the defendants are minors, and therefore incapable of making an election.

The finding of the court that the plaintiff and the defend-

ants are not cotenants of the land described in the complaint is therefore sustained by the evidence, and its action in dismissing the complaint was without error.

Certain rulings of the court upon matters of practice and procedure were excepted to by the appellant, but as these rulings in no wise conduced to the establishment of the above fact, they are without moment and need not receive any consideration.

We advise that the judgment and order appealed from be affirmed.

Chipman, C., and Cooper, C., concurred.

For the foregoing reasons the judgment and order appealed from are affirmed.

McFarland, J., Lorigan, J., Henshaw, J.