## WALLING ET AL. *v.* SCOTT.

[No. 7,310.   Filed November 17, 1911.   Rehearing denied February 16, 1912.   Transfer denied March 28, 1912.]

1. CONVERSION.—*Directions in Will.—Realty and Personalty.*— Where a will directs land to be sold and converted into money, courts of equity will deal with the land as personalty.   p. 25.
2. CONVERSION.—*Directions in Will.—Sufficiency of Directions.*— Where there is such a blending of the real and personal estate by the testator in his will as clearly to show that he intended to create a fund out of both real and personal estate and bequeath the fund as money, it will be sufficient to work an equitable conversion of the real estate into money.   p. 25.
3. WILLS.—*Directions in Will.—Power of Sale.—Failure to Designate by Whom Sale shall be Made.*—Where a testator directs that his real estate be sold without declaring by whom the sale shall be made, the power of sale is not defeated, but rests in the executor, or administrator with the will annexed.   p. 25.
4. WILLS.—*Directions in Will.—Power of Sale.—Sale after death of Executor.*—Where the sale provided for in a will can not take place until the death of the executor, the administrator with the will annexed may properly make the sale.   p. 26.
5. CONVERSION. — *Directions in Will.—Power of Sale.—Time.*— Where the will directed that all the property after payment of testator's debts should go to the wife during her life, and that all remaining in her possession at her death should be sold and the proceeds distributed among testator's heirs, an equitable conversion of the property took place at testator's death, although the time of sale and actual conversion was to be at the death of the life tenant.   p. 26.
6. WILLS.—*Construction.—Nature and Character of Property Devised.*—One claiming property under a will must take it in the character impressed upon it by that instrument.   p. 26.

7. PARTITION.—*Right of Action.—Provisions of Will.—Conversion.*
—Where land is equitably converted into money by a direction in
a will that it should be sold after the death of the life tenant and
then distributed, the heir of a beneficiary who died before the
termination of the life estate could only share in the proceeds of
the sale of such land and could not have partition thereof. p. 27.

8. CONVERSION.—*Provisions of Will.—Reconversion.*—Where a will
directs a conversion of real estate into money to be divided among
a number of beneficiaries, a reconversion may be had by agree-
ment of all the beneficiaries, but one beneficiary may not re-
convert his share without the consent of the others. p. 27.

9. PARTITION.—*Right of Action.—Intention of Testator.—Statute.*—
Partition of lands contrary to the intention of a testator is for-
bidden by §1247 Burns 1908, §1190 R. S. 1881. p. 28.

10. WILLS.—*Transfer of Property in Consideration of Love and
Affection.*—Property devised or bequeathed by will is not property
given or transferred in consideration of love and affection within
the meaning of §2997 Burns 1908, §2473 R. S. 1881. p. 29.

From Morgan Circuit Court; *Joseph W. Williams,* Judge.

Suit by Lafayette Scott against Mary E. Walling and
John E. Walling, her husband, Dora A. Gentry, Lydia J.
Tudor and Everett Tudor, her husband. From a decree for
plaintiff, defendants appeal. *Reversed.*

*George W. Grubbs, D. E. Watson* and *James W. Harper,*
for appellants.

*C. G. Renner, J. C. McNutt* and *A. M. Bain,* for appellees.

IBACH, J.—John B. Johnson, who died in 1880, by one
clause of his will left to his wife all of his property, both
real and personal, that should be left after all his legal debts
were paid, to have, hold and use during her life. A later
clause was as follows: "My said wife, Malissa Johnson,
shall pay all my legal debts out of such of my property as
in her judgment will be most advisable, and at her death all
remaining in her possession shall be sold and the proceeds
equally divided between my bodily heirs, viz., Mary E. and
Dora A., Lizzie I. and Lydia J. Johnson." He appointed
his wife executrix of his will. Appellee married Lizzie I.
Johnson in 1894, and she died in 1895, leaving no descend-
ant. The widow of John B. Johnson died on April 21, 1908,

and on May 4, 1908, appellee, as heir of his deceased wife, commenced this action in partition against the three living daughters, to have the land divided, basing his alleged right to a partition wholly on the clause just quoted from the will, and claiming that under this clause he and appellants were tenants in common in fee simple of the land. The trial court sustained him, and awarded the partition.

The question presented for our consideration is, Was appellee entitled to a partition of the land in suit?

Where a will directs land to be sold and converted into money, courts of equity deal with the land as personalty.

To bring about this equitable conversion there must, however, be an adequate expression of an absolute intention that the land shall be sold and turned into money. And where there is such a blending of the real and personal estate by the testator in his will as clearly to show that he intended to create a fund out of both real and personal estate, and bequeath the fund as money, such has been held to show an absolute intention as much as an absolute direction. 9 Cyc. 830, 831, 833; 7 Am. and Eng. Ency. Law 464, 465; *Craig* v. *Leslie* (1816), 3 Wheat. 563, 4 L. Ed. 460; *Rumsey* v. *Durham* (1854), 5 Ind. 71; *Nelson* v. *Nelson* (1905), 36 Ind. App. 331; *Comer* v. *Light* (1911), 175 Ind. 367.

John B. Johnson directed positively in his will that all his property remaining in the possession of his wife at her death should be sold, and the proceeds distributed among his heirs, naming them. This included his real and personal property. He failed to designate some one by whom the sale should be made, but this did not defeat the creation of a valid power of sale. If a testator directs that his real estate be sold, without declaring by whom the sale shall be made, the power to sell rests in the executor, or administrator with the will annexed, if the duties imposed with reference thereto are such as are usually performed by an executor, or administrator with will

annexed. If no executor is named, the administrator with will annexed is the proper person to exercise the power of sale. *Davis* v. *Hoover* (1887), 112 Ind. 423; note to *Rankin* v. *Rankin* (1865), 87 Am. Dec. 205, 210, and authorities cited; note to *Crouse* v. *Peterson* (1900), 80 Am. St. 89, 105.

Since the sale provided for by the will of John B. Johnson could not take place until the death of the executrix named therein, the administrator with will annexed may properly make such sale. We conclude, therefore, that the direction in his will is sufficient to work an equitable conversion of his real estate into money.

Appellants concede that the interests of the beneficiaries vested at the testator's death. At this time the equitable conversion took place, although the time of sale and actual conversion was fixed by the will at a more or less remote and indefinite time, namely, at the death of the life tenant. 9 Cyc. 838.

Their interests vesting at the time of the testator's death, attached as personalty, for one claiming property under a will must take it in the character impressed upon it by that instrument. The beneficiaries here are not entitled under the will to the land itself, but to the proceeds of the land, and their interest is not an interest in real estate, but an interest in the proceeds of real estate, which by virtue of equitable conversion assumes the character of personal property, and maintains that character until the actual conversion, although in certain instances the rights of third parties may intervene and attach as of the character of real property. "Where no other rights intervene, or are asserted, the property will be treated, for the purpose of carrying out the terms of the will, as that character of property into which it is directed to be converted, not because it is such property, but because it is directed to be so treated, and dealt with, in carrying out the intention." *Comer* v. *Light, supra,* on petition for rehearing.

Appellee, who claims under the will as the heir of his wife, is not entitled to receive under it more than his wife would if living. From its terms, the beneficiaries can-

7.   not claim the realty itself, but only share in its proceeds. Appellee's wife if living could share only in the proceeds of the sale of the real estate, and would have no right to ask for a partition. Appellee is not a "third party," and does not assert "other rights" within the meaning of those terms as used in the case of *Comer* v. *Light,* *supra,* and his right to share in the grant under the will does not attach to the land in its character of realty. He is not a claimant against his wife, but a claimant under his wife, asserting not the right of a third party, but the right which she herself held to the property in suit. Since he bases his claim on the provisions of the will, he can take no more than the will gives him, and the will gives to his wife's heirs no more than it would give to herself if living. The principle is well recognized, that "where land is equitably converted into money by a direction in a will that it should be sold after the death of the life tenant and then distributed, the share of a beneficiary who dies before the termination of the life estate passes as personalty." 9 Cyc. 851, and cases cited.

It is true that when a will directs real estate to be sold, and the proceeds to be divided among a number of benefi ciaries, they may all agree to take the real estate in

8.   its original condition instead, thus reconverting it. It is equally true that one of these beneficiaries may not elect to take his share in land without the consent of the others, for each one has a right under the will to a sale of the land, and to whatever advantages would accrue by a sale of the real estate in its undivided condition, and he cannot be deprived of this right without his consent. Since three of the beneficiaries under the will of John B. Johnson are opposing a partition, that partition cannot be granted. 9

Cyc. 856, and cases cited under note 27; *Brown* v. *Miller* (1898), 45 W. Va. 211, 31 S. E. 956; Page, Wills §719.

9.  Also, a statute applicable to the present case (§1247 Burns 1908, §1190 R. S. 1881), forbids the partition of land contrary to the intention of the testator.

From the reasoning before set out, it follows that appellee cannot maintain a suit for partition of the land involved in the present action against the consent of any of the beneficiaries who by the will are interested in its proceeds. Judgment reversed.

## On Petition for Rehearing.

Ibach, P. J.—Appellee cites the case of *Bowen* v. *Swander* (1889), 121 Ind. 164, as holding that partition may be maintained by one of the devisees in the present case. The decision in that case goes no farther than to hold that all may maintain partition. In that case the question was not whether partition might be maintained, but whether certain of the parties had an interest in the property involved, and when that interest, if any, vested. The plaintiff there asked partition, and that his title be quieted. One defendant in a cross-complaint asked partition, and that her title be quieted. The other defendant in a cross-complaint claimed to be the owner of the whole property involved, and sought to have his title quieted. None of the parties was opposing partition of the real estate on the ground that it should be sold in an undivided condition, and its proceeds divided. Neither was the statute (§1247 Burns 1908, §1190 R. S. 1881) invoked in that case. Also, the will in the case of *Bowen* v. *Swander, supra,* merely directed real property to be sold and the proceeds divided, while the will in the present case directed that all the property remaining in his widow's possession be sold at her death, and the proceeds divided, thus creating a fund out of the proceeds of mixed personal and real property.

In the present case we hold that the will of John B. Johnson worked an equitable conversion of all his property into personalty at the time of his death, and that title to such property vested in the beneficiaries at that time, subject to the contingency that it might all be used by the widow during her life, that upon the authority of *Myers* v. *Carney* (1908), 171 Ind. 379, when appellant's wife died, her share, under the law of descents, went to her heirs; that her heirs had the same right under the will as she, that is, to share in the proceeds of the sale of all the property remaining in the possession of Malissa Johnson at her death, but not to ·compel partition of the real estate, against the wish of the other beneficiaries. The section of the law of descents controlling is §3027 Burns 1908, §2489 R. S. 1881, and we can conceive of nothing which would bring the case under any other provision of the statute. It is argued that §2997 Burns 1908, §2473 R. S. 1881, applies, but our conclusion is otherwise. Property devised or bequeathed is not property given or transferred in consideration of love and affection within the meaning of §2997, *supra*. Furthermore, said §2997 provides for the reversion to the donor of property transferred as a gift, or in consideration of love and affection, only in case the donor is living at the time the donee dies intestate without children or their descendants, and in this case the transfer was made by will, and not until after the death of the devisor.

An administrator *de bonis non*, appointed under §2757 Burns 1908, §2395 R. S. 1881, would be empowered to sell all the property in the possession of Malissa Johnson at the time of her death, and to divide the proceeds among the living beneficiaries and the heirs of the one deceased. However, if the heirs can agree to a partition, there is nothing to prevent it.

Petition overruled.

NOTE.—Reported in 96 N. E. 481, 97 N. E. 388. See, also, under

(1) 9 Cyc. 830; (3) 40 Cyc. 1823; (4) 40 Cyc. 1834; (6) 9 Cyc. 850. As to the conversion of real property into personal, and personal into real, by will, see 5 Am. St. 141. As to when an equitable conversion takes place under a will directing the sale of land at a future time, see 17 Ann. Cas. 643.