(112 So. 133)

### GADDY v. MULLENS et al.   (6 Div. 710.)

(Supreme Court of Alabama.   Jan: 13, 1927. Rehearing Denied April 14, 1927.)

**1. Trusts ⚖135—Trust providing for collection of rents by trustee, to be paid to grantor and after her death to daughter, was active.**

Where trust deed provided that trustee should pay taxes and collect rents, to be paid to grantor during life and after her death to daughter, and after daughter's death that he should sell property and divide proceeds, trust was active, and title vested in trustee.

**2. Partition ⚖12(2) — Where neither legal title nor right to immediate possession rested in complainants, they could not maintain bill for sale of land for division.**

Where complainants had neither legal title nor right to immediate possession of trust property, they could not maintain bill for sale of lands for division among tenants in common; it being immaterial that complainants were heirs at law of grantor creating trust, and that sale would enure to their benefit.

Appeal from Circuit Court, Walker County; Ernest Lacy, Judge.

Bill in equity by M. A. Mullens against G. W. Gaddy and others. From the decree, respondent Gaddy appeals. Reversed and rendered.

Coleman D. Shepherd, of Jasper, for appellant.

Only joint owners or tenants in common of land in possession or with right to immediate possession or use of the land can sell the land for division of the proceeds. Letcher v. Allen, 180 Ala. 254, 60 So. 828; Wheat v. Wheat, 190 Ala. 461, 67 So. 417; 30 Cyc. 190; 3 Thompson on Real Prop. 16. Where the owner of real estate conveys it to one in trust for the benefit of another, with direction to the trustee to sell the land upon the death of the beneficiary and divide the proceeds among certain designated persons, such persons so designated have insufficient title or right in the land to maintain an action for partition or sale for division. 20 R. C. L. 727, 752; Bank of Ukiah v. Rice, 143 Cal. 265, 76 P. 1020, 101 Am. St. Rep. 118; Fischer v. Butz, 224 Ill. 379, 79 N. E. 659, 115 Am. St. Rep. 160; 30 Cyc. 185.

Gray & Powell, of Jasper, for appellees.

The parties to this suit are joint owners or tenants in common of the lands, and had a right to immediate possession or use of the lands when the bill was filed. After the death of Mandy Melissa Gaddy, this trust became a dry and naked trust, so far as the other heirs are concerned, and the legal title to the lands was in the heirs of Nancy Malinda Gaddy and not in the trustee. Prince v. Prince, 162 Ala. 114, 49 So. 873; Hender-

---

son v. Henderson, 210 Ala. 73, 97 So. 353. The provision of the conveyance relating to sale of the property was not one of limitation, but merely directory, and did not prohibit a proceeding of this kind. Parker v. Robertson, 205 Ala. 434, 88 So. 419; Ezzell v. Ezzell, 213 Ala. 544, 105 So. 813; Martin v. Barnett, 205 Ala. 220, 87 So. 324.

GARDNER, J. Bill for the sale of lands for division among tenants in common. Decree was rendered granting the relief prayed, from which decree respondent G. W. Gaddy prosecutes this appeal. Said respondent resisted the proceedings, and interposed the defense that Nancy Malinda Gaddy, the common source of title as to all the parties to this cause, conveyed to him the real estate here involved, in trust for certain purposes therein designated. The validity and binding force of this conveyance—introduced in evidence—is not questioned. Under its terms the trustee was to first pay all taxes and collect all rents and appropriate the same for the support of the grantor during her life, and after her death the rents to be applied to the support of Mandy Melissa Gaddy, daughter of the grantor, so long as she should live. The trust deed also contains the following provision:

"It is understood that during my life the rent is to be paid to me and my receipt shall be final discharge for same, but money expended for my said daughter, Malissa, shall be accounted for on final settlement of this trust.

"After the death of my said daughter, Malissa Gaddy, this property is to be sold without any other expense than an advertisement in a newspaper once a week for three successive weeks and the proceeds divided among my heirs. The deeds of said G. W. Gaddy made after my death and the death of said Mandy Malissa Gaddy shall be sufficient to pass title."

The grantor died several years ago, and the trustee (respondent G. W. Gaddy) continued in the exercise of the authority thereof by applying the rents to the support of the daughter until her death, which occurred about one month prior to the filing of this bill. The allegations of the bill are only such as appropriate for a sale of the lands for division among the joint owners, and no other or different character of relief is sought or indicated, and no averments appropriate to any different relief.

The legal title appears to be in respondent G. W. Gaddy, from the undisputed proof by virtue of the deed of trust and active duties to perform thereunder. The fact that complainants are heirs at law of said Nancy Malissa Gaddy, and that the sale by the trustee will enure to their benefit, does not alter the proposition that they neither have the legal title nor the immediate right to possession, essential for the maintenance of a bill for sale for division among tenants in common. Wheat v. Wheat, 190 Ala. 461, 67 So. 417, and authorities therein cited; 20 R. C. L. 727, 752; and note to Munson v. Bringe, 146 Wis. 393, 131 N. W. 904, Ann. Cas. 1912C, 325, wherein the author states:

"It may be stated as a general rule that where property is placed in trust either by deed of trust or testamentary direction, the corpus thereof to be held, managed, and disposed of in a particular way, as directed, a beneficiary of the trust or one claiming by or through him cannot maintain partition proceedings during the active existence of the trust, as to do so would be to defeat the objects thereof and in effect would be a usurpation of the powers of the trustee by the court."

An interesting discussion of the question is found in Bank v. Rice, 143 Cal. 265, 76 P. 1020, 101 Am. St. Rep. 118.

The language of the trust deed clearly indicates the duty of the trustee as to a sale of the property, and that it be done without unnecessary expense.

In the case of Prince v. Prince, 162 Ala. 114, 49 So. 873, cited by counsel for appellee, the conveyance created only a "dry, naked trust," and the title was held to vest in the beneficiary. So likewise in Ezzell v. Ezzell, 213 Ala. 544, 105 So. 813, and Parker v. Robertson, 205 Ala. 434, 88 So. 418, the title vested in the devisees under the provisions of the wills. These cases are not therefore opposed to the conclusion here reached.

[1, 2] In the instant case very clearly the trust was an active one, and the title vested in G. W. Gaddy, the trustee, with the continuing duty to make disposition of the property and divide the proceeds thereof after the death of the beneficiary. Under these circumstances the principle recognized in the authorities first herein noted must control. Should the trustee fail to act within a reasonable time, or was otherwise derelict in his duties concerning the trust estate, complainants, as beneficiaries thereunder, would, of course, have a right to apply to a court of equity for appropriate relief. But such is not this case, which is one solely for the sale of the land for division. As neither the legal title nor right to immediate possession rests in complainants, manifestly they cannot maintain this bill. Expediency may suggest an approval of the decree of sale, but we are persuaded such would not be consistent with the legal principles heretofore recognized as governing cases of this character, and therefore feel constrained to hold the decree erroneous.

It results that the decree will be reversed and one here rendered dismissing the bill.

Reversed and rendered.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.