199 So. 818

### SNOW v. CITY NAT. BANK OF TUSCALOOSA.

#### 6 Div. 730.

Supreme Court of Alabama.

Jan. 16, 1941.

Jones, Dominick & McEachin, of Tuscaloosa, for appellee.

DeGraffenried & McDuffie, of Tuscaloosa, for appellant.

BOULDIN, Justice.

Appellant, a devisee of a share in the real estate of her father, John W. Smith, deceased, filed her bill for the removal of the administration of the estate into the Equity Court, and for a sale of the lands of the estate for division among the devisees.

The order of removal was duly made. The executor, with approval of other devisees, filed an answer, challenging the right of complainant to institute proceedings for a sale of the lands for division, and by cross-bill invoked the jurisdiction of the court to decree a sale for division at

the instance of the executor. The appeal is from a decree overruling demurrers to the cross-bill.

Addressing ourselves to the questions presented in brief, we observe:

The will of decedent contained the following pertinent provisions:

"2. I hereby nominate, constitute and appoint The City National Bank of Tuscaloosa, a corporation, to be the Executor of this my Last Will and Testament and I direct that it shall not be required to give any bond or file any inventory or make any settlement of my estate or its administration thereof. 3. I hereby give my said Executor full and complete authority, power and right to partition, divide, sell and convey and deliver all of my real estate, personal property, money, choses in action and all other property and property rights which I may have or be entitled to at the time of my death, for the purpose of payment of debts, division, settlement of my estate and for all other purpose as fully and completely as I could do if living, and without the consent of any person or order or authority from any court."

By Item 6, the will directed that the net proceeds of decedent's estate be divided into five equal shares, one to be delivered or paid over to each of his four children, and one grandson, representing a deceased son of testator.

Item 8 reads: "It is my will, wish and provision that no beneficiary under my will and none of my family shall take any title to any specific property or assets of my estate, but that my Executor shall take full and complete title to all of my property and estate and shall handle all of it as provided in this will and the rights, interests and benefits of the beneficiaries of my estate shall be, under this will, only the right to receive his or her share of the net proceeds of my estate after the same has been handled, administered, conveyed or otherwise disposed of under the terms of this will and after all of the expenses and costs and fees for administering my estate have been paid."

This item of the will is far from meaningless and inconsequential as appellant supposes. It clarifies prior provisions of the will, and is, within itself, a definite devise vesting title of the realty in the executor as trustee with active duties and with commensurate powers.

■ It works an equitable conversion of the realty, unless it can be equitably partitioned in kind. All parties agree that it cannot be equitably divided without a sale.

The answer and cross-bill disclose that all debts have been paid, that a full division of the personalty has been effected, and the executor has sought to work out a division of the realty among the devisees, all of whom are sui juris, but without success. The bill was filed within some five to six weeks after the expiration of twelve months from the grant of letters. The answer discloses no breach of trust, or unreasonable delay, justifying an invocation of the jurisdiction of the court to require the trustee to perform the trusts imposed by the will, or to remove the trustee, etc.

The theory of appellant is that after the debts are paid and twelve months have elapsed from the grant of letters a devisee may of right cause the removal of the estate into the Equity Court and proceed in her own right as a tenant in common having either a legal or equitable title in the lands, to obtain a decree of sale for division, the property not being subject to partition without a sale.

■ Obviously, such a proceeding is in disregard of the definite provisions of the will, vesting title in the executor, with active powers and duties in making partition by sale or otherwise as trustee.

■ It was not the legislative purpose, in giving legislative recognition of the right of a devisee to remove the administration into equity, to grant the further power to invoke a jurisdiction disregarding and abrogating the lawful provisions of the will of the testator, under whom the devisee takes.

This principle furnishes an all-sufficient answer to appellant's contention. Gaddy v. Mullens et al., 215 Ala. 664, 112 So. 133; Connell v. Cole, 89 Ala. 381, 8 So. 72; Hill v. Jones, 65 Ala. 214; Note 126 A.L.R. 1010 et seq; Note 14 A.L.R. 1241; 65 C.J. pp. 743, 744, 745.

The cases Parker et al. v. Robertson, 205 Ala. 434, 88 So. 418; Fies et al. v. Rosser, 162 Ala. 504, 50 So. 287, 136 Am. St.Rep. 57; Dent et al. v. Foy et al., 206 Ala. 454, 90 So. 317, are not in conflict with Gaddy v. Mullens, supra, which is direct authority in the case before us.

Affirmed.

GARDNER, C. J., and FOSTER and LIVINGSTON, JJ., concur.