SHORES, Justice.
This is an appeal from a judgment entered in the Circuit Court of Madison County wherein the trial court directed the executor of a will to sell lands pursuant to a provision thereof.
The action was initially brought by one of the children of the testator, Thomas F. Con-yers, whose will was admitted to probate in Madison County. Upon the filing of the complaint for sale for division of the lands devised therein, the estate proceedings were removed to the circuit court. The complaint asked for a sale for division, alleging that the complainant and the respondents, her siblings, or in instances where the sibling had predeceased the testator, the children thereof, were tenants in common of the lands involved and that because the lands were not capable of being divided in kind, she was entitled to a sale for division of the proceeds thereof.
The pertinent provision of the will involved is as follows:
ITEM V
I do hereby authorize and direct my Executor to sell all of my real estate and the net proceeds from the sale of said real estate is to be divided into eight (8) equal parts and I give and devise one part to each of my seven children, absolutely and forever in fee simple.
The responding siblings did not deny the allegations of the complaint. A guardian ad litem was appointed to represent the interests of the minor respondents. After a trial ore tenus, the trial court entered a judgment in which it found as follows:
It is further ORDERED, ADJUDGED AND DIRECTED that the defendant Walter Conyers, as Executor of the Last Will and Testament of Thomas Conyers, proceed to sell the real property of Thomas Conyers and distribute the proceeds as directed in said Will. It is further ORDERED and ADJUDGED that said property be sold on or before November 15, 1979, at 5:00 o’clock P.M. It is further ORDERED that in the event the said Walter Conyers, as Executor, fails to comply with this Order of the Court, that said property be sold at public auction on the steps of the Madison County Courthouse to the highest bidder and the proceeds of the sale be divided amongst the heirs of Thomas Conyers as provided by his Last Will and Testament after deduction of the expenses of said sale.
From this judgment, Willie Mae Dinkins, the complainant below, appeals.
It is her contention that the trial court erred to reversal in refusing to order a sale for division as sought by the original complaint. The judgment of the trial court is affirmed on the authority of Warrick v. Woodham, 243 Ala. 585, 11 So.2d 150 (1943). In that case, the provision of the will involved was as follows:
It is my will and I hereby direct that my Executor, hereinafter named, shall sell my plantation in Houston County, Alabama, containing one hundred and eighty-five (185) acres, that lies just outside of the North-west corporate limits of *1131 the City of Dothan, Alabama, as soon after my death as practical, provided he-can obtain for the same the sum of Eighteen Thousand ($18000.00) Dollars; but if he cannot obtain the sum of Eighteen Thousand ($18000.00) Dollars for said plantation then I hereby direct' that he hold and lease out said plantation for a period of two years and collect the rents therefrom and said rents shall be paid as follows: After paying taxes on said place to be divided as follows: One-sixth each to my children, Young Warrick, Harry Warrick, Bascomb Warrick, Lillie Mae Woodham and Mary Sue Warrick, and one-eighteenth part thereof to be paid to each of my grandchildren, Charles Pittman, Margaret Pittman and Dolphie Pittman. Should my executor be unable to sell said property for Eighteen Thousand:. ($18000.00) Dollars or more within two years from the date of my death then he shall sell said plantation for the best price he can obtain and execute titles as my Executor to the purchaser of said lands; and when said lands are sold the proceeds thereof shall be divided as follows: One-sixth of the same shall be paid to each of ■ my children, Young Warrick, Harry War-rick, Bascomb Warrick, Lillie Mae Wood-ham and Mary Sue Warrick, and one-eighteenth to be paid to each of my grandchildren, Charles Pittman, Margaret Pittman and Dolphie Pittman' and when said, money is paid to my children .and grandchildren as herein provided, I hereby direct that they shall invest said money in a home, except my minor daughter Mary Sue Warrick and I hereby1' direct that her money arising from the sale of said lands be loaned to some solvent bank and draw interest until she becomes twenty-one years old. [Warrick, p. 589, 11 So.2d, pp. 152-153] .
Thereafter one of the testator’s children brought a bill for sale for division of the lands and also sought a construction of the will. This Court, speaking through Justice Lawson, held that the bill for sale for division could not be maintained because:
We are of the opinion that there was a conversion of the lands into money' at the date of the death of the testator and that, therefore, the complainants, under the allegations of the bill, cannot maintain a suit for a sale of the lands for division. It follows, therefore, that the trial court correctly sustained respondents’ demurrer to that aspect of the bill which sought to have the land sold for division. [Warrick, p. 592, 11 So.2d, p. 156]
. The Court in Warrick stated the rule as follows:
The rule is well established that where lands are expressly directed to be sold by the provisions of a will, and the proceeds distributed among persons designated, the land must be considered as having been converted thereby into personalty and no suit for partition of the lands can be maintained. Snow v. City Nat. Bank of Tuscaloosa, 240 Ala. 408, 199 So. 818; Gaddy v. Mullens et al., 215 Ala. 664, 112 So. 133; Greer v. Herren, 146 Ala. 640, 41 So. 783; Bank of Ukiah v. Rice, 143 Cal. 265, 76 P. 1020,101 Am.St.Rep. 118; John v. Turner, 121 W.Va. 447, 6 S.E.2d 480, 124 A.L.R. 1444; 47 Corpus Juris 318; 40 AmerJuris. 9. Where a will requires a conversion, by sale, of real estate into personalty, the conversion occurs as of the date of the testator’s death, notwithstanding the fact that the actual change in the form of the property may not take place immediately. [Warrick, p. 591, 11 So.2d, p. 154]
We are persuaded that the trial court correctly construed the will of the testator in this case and correctly directed the sale of the property pursuant to the terms of the will. In this instance, it is of no real significance, insofar as the outcome is concerned, that the trial court ordered the sale under the provisions of the will as opposed to under the prayer of the complaint, the results in either case being the same. The only difference is that, as the complainant on appeal all but acknowledges, had she prevailed in her efforts to have the land sold for division, she would have been entitled to attorney’s fees, which the court denied her in this instance. No fund having been established at the instance of the complainant, we find no error to reverse here.
*1132 Nor are we persuaded by the argument made that actions of the parties had in some manner reconverted the property back into its original form, i. e., real estate.
Finding no error to reverse, we affirm the judgment of the trial court.
AFFIRMED.
TORBERT, C. J., and MADDOX, JONES and BEATTY, JJ., concur.