# CHARLESTON.

STAFFORD v. JONES *et al.*

and

HOCKENSMITH WHEEL & MINE CAR CO. v. JONES *et al.*

Submitted November 25, 1913. Decided December 2, 1913.

1. CREDITORS' SUIT—*Order of Reference—Sufficiency.*
    The following clause in a decree, made in a judgment creditors suit, referring the cause to a master commissioner to ascertain and

report upon liens, viz.:  "But before proceeding to execute this decree said Commissioner shall give ten days notice of the time and place of his sittings to all attorneys of record herein, and shall publish a like notice for four weeks in some newspaper published in Logan County", is, in effect, a direction to the commissioner to convene before him the lienors, in the manner, and according to the form of notice, provided in Sec. 7, Ch. 139, Code (1906).  (p. 301).

2.  APPEAL AND ERROR—*Harmless Error—Creditors' Suit.*
    It is not reversible error to give such notice after the plaintiff has obtained leave to amend his bill bringing in new lienors, and the cause has been remanded to rules for the maturing of such amended bill, the cause, as to the original bill, being then matured for reference, and it appearing that such new parties answered at rules and filed their claims with the commissioner.  Error justifying the reversal of a decree must be prejudicial to the party complaining.  (p. 301).

3.  CREDITORS' SUIT—*Alternative Decree—Sale of Land.*
    A decree in the alternative, authorizing a special commissioner to first offer to lease the debtor's land at public bidding for a term of five years, and if the highest bid is not enough to pay the debts, then to sell it, at the same time and place, is not erroneous.  (p. 302).

4.  SAME—*Decree—Sale of Land—Trust Deed.*
    It is not error to decree a sale of the judgment debtor's land for cash, when a trust deed given thereon to secure a debt then past due, and which is prior to the judgments, authorizes the trustee to sell for cash.  (p. 303).

Appeal from Circuit Court, Logan County.

Two suits, one by Minnie B. Stafford, and the other by the Hockensmith Wheel & Mine Car Company, both against H. C. Jones and others.  From the decrees, the defendant named appeals.

*Affirmed.*

*Campbell, Brown & Davis,* for appellant.

*Ritz & Ritz, J. L. Stafford* and *E. H. Greene,* for appellees.

WILLIAMS, JUDGE:

The two above styled suits were brought by judgment creditors of H. C. Jones against him and others to enforce liens against his lands situated in Mercer, Mingo and Logan counties.  The Stafford suit was brought in Mingo county, and was once before in this court on appeal and is reported in 65 W. Va. 567.  But questions not then involved are pre-

sented on this appeal. The Hockensmith Wheel & Mine Car Company case was brought in the circuit court of Logan county, and the former case was removed to the circuit court of Logan county, consolidated with the latter and the two were heard together, and a final decree was entered on the 4th of May, 1910, confirming commissioner Bland's report, ascertaining the amounts and priorities of liens and decreeing a rental of the lands in Mingo and Logan counties, and a sale of the lands in Mercer county. H. C. Jones has appealed.

The first error assigned is, that the order of reference did not direct commissioner Bland to give notice to the lienholders, as required by law. The order, made February 11th, 1910, contains this provision: "But before proceeding to execute this decree said Commissioner shall give ten days notice of the time and place of his sittings to all attorneys of record herein, and shall publish a like notice for four weeks in some newspaper published in Logan County." True this language does not expressly authorize the commissioner to convene the lienors, but it impliedly does so, as there could have been no other purpose in the language of the decree to "publish a like notice for four weeks in some newspaper published in Logan County." The statute, Sec. 7, Ch. 139, Code (1906), prescribes the form of such notice, and the commissioner did, in fact, publish it according to that form, and for the time, required by the statute. There has been a substantial compliance with the law in this respect. Moreover, the judgment debtor alone is complaining, and it does not appear that there is any lienor who was not made a party, to one or the other of the two suits, and whose claim was not presented to, and passed on, by the commissioner.

The order of reference also permitted plaintiff to file an amended bill, at rules; and, before the cause was matured for hearing on the amended bill, the commissioner gave notice and proceeded to take accounts, and this is assigned as error. Such proceeding may have been irregular, but appellant is not prejudiced thereby. The new parties, brought in by the amended bill, filed their answers and subjected themselves to the jurisdiction of the court. Their liens were presented to, and were passed upon by, the commissioner, and they are not complaining. If it be error at all, it relates only to procedure,

73 W. Va.

and is not prejudicial to appellant; and he can not complain of it. *Reed* v. *Nixon,* 36 W. Va. 681.

The next assignment is, that the court erroneously decreed the land to be sold, the record showing that the rents, issues and profits thereof, for a period of five years, will pay all the liens. The decree, however, does not direct an unconditional sale of the Mingo county and the Logan county lands. It directs that those lands be first offered for rental, and, in the event they do not rent for enough, in five years, to pay the liens on them, then and in that event only, the commissioner is authorized to sell, the decree providing that rental or sale shall be made at the door of the courthouse of the respective counties, after publishing notice of the time, place and terms thereof, and whether a rental or a sale was made, it was to. be upon terms of cash to pay costs of suit and expenses of sale or rental, and the residue upon a credit of six, twelve and eighteen months, with personal security. There is no better evidence of the value of property, whether for a term of years or in fee, than the price it will bring at a public bidding, after due advertisement of notice; and if no one appears at such public bidding who is willing to pay a sufficient rent for five years to discharge the liens, it is conclusive proof that the evidence upon which the commissioner based his finding as to rental value, was not reliable; and the court would then be justified in rejecting the bid and entering another decree directing the land to be sold. It was by no means certain that the land would rent for enough to pay the liens, and if, in fact, it should not, when offered for rent, the lienors would have had a right to have the bid rejected and to ask for a decree of sale. Therefore, in order to avoid delay in the proceedings and save additional expense, the court very properly provided in its decree for an alternative rental and sale. Such forms of decrees are usual, and they can not prejudice the debtor. Neither does the fact that the decree authorizes the lands in the several counties to be leased or sold at their respective courthouses, produce confusion, in ascertaining whether the lands should be leased or sold. Upon the coming in of the special commissioner's report, the court could easily determine whether it should adopt and confirm

the one or the other; and in no event would the action of the special commissioner be final until confirmed by the court.

It is assigned as error that the court withdrew from rental or sale a tract of 275 acres in Mingo county. Commissioner Bland had reported this tract as being owned by appellant and liable for the liens, and appellant excepted to the report, alleging that the record showed that the title to that tract was in John Dingess and Hawke Bishop, who had purchased it at a delinquent tax sale, and that a suit had been brought by appellant against them, and was then pending, for the purpose of determining the title. The court sustained appellant's exception, and withdrew the tract from rental or sale, until the question of title could be settled, and now he complains of the court's action. His attitude is inconsistent. The withdrawal of that tract, (which appellant says has a rental value of $3,000.00 per year), was proper, and its withdrawal was at the instance of appellant. How could he be heard to complain even if it had been improperly withdrawn? But the rental or sale of it was properly postponed. It would have been error to rent or sell it while the title to it was in litigation; and the controversy over the title to one tract of defendant's land furnished no ground for staying proceedings as to his other lands, if that is what appellant hoped to accomplish.

It is insisted that portions of the lands in Mingo and Logan counties were being operated by solvent lessees, under coal leases from appellant, and that the royalties accruing from those leases would, in five years, pay off the liens, and that, therefore, it was error to decree either a rental or a sale; that the court should, instead, have sequestered the royalties and applied them in payment of the debts. We do not think it appears that the royalties would be sufficient, especially as the tract of 275 acres which produced an annual royalty of $3,-000.00 was withdrawn. But, granting that the royalties would, in five years, discharge the debts, there is no evidence that those royalties are secured, or that they will continue to be paid, and plaintiffs were entitled to have the payment of their debts secured. This assignment is not well taken.

The Mercer county lands consists of city lots in, and around, the City of Bluefield, and the court decreed a sale of them for cash. But this was not error for the reason that the

prior liens upon those lots are special, being created by special assessments, levied by the municipality for street improvement, and by a trust deed executed by H. C. Jones and wife to secure a debt owing by said Jones, in which the trustee is authorized to sell for cash. The terms of sale, being a matter of agreement between the parties, fixed by the terms of the trust deed which was prior to the liens of the judgments, to enforce which the suit was brought, the court has no right to change the agreed terms of sale. To do so would be to make a new and different contract between the parties. The court simply adopted the terms of sale which the lien debtor had previously agreed should govern the trustee in the event he should have to execute the trust; and the fact that a suit by junior judgment creditors has prevented the trustee from selling the land, independent of the court's decree, would not justify a changing of the terms of sale agreed upon. *Stafford* v. *Jones*, 65 W. Va. 567; *Watterson* v. *Miller*, 42 W. Va. 108; *Wood* v. *Krebbs*, 33 Grat. 685; *Pairo* v. *Bethell*, 75 Va. 825; and *Stimpson* v. *Bishop*, 82 Va. 190.

The decree is affirmed.

*Affirmed.*