# CHARLESTON

LEWIS, HUBBARD & CO. v. TONEY, *et als.*

Submitted March 16, 1915. Decided March 30, 1915.

1. PRINCIPAL AND SURETY—*Rights of Surety—Payment of Debt—Deed of Trust.*

In a suit to enforce liens against a debtor's land, to which all persons interested are parties, a surety protected by a deed of trust given by the debtor on his land to ''indemnify and save him harmless,'' has a right, after the debtor's default and before payment of the debt by himself, to a decree directing the enforcement of the trust and application of the proceeds to the discharge of the debt. (p. 81).

2. SAME—*Rights of Surety—Enforcement of Deed of Trust—Disposition of Proceeds.*

It is error, in such case, to decree payment of the proceeds to the surety before he has paid the debt. (p. 81).

3. EQUITY—*Report of Commissioner—Grounds of Exception—Waiver.*

A party to a cause who appears before a commissioner and excepts to his report, but not on the ground of want of notice of the taking of evidence by him, will not be heard to complain for that reason, after a decree upon the report. (p. 82).

4. SAME—*Supplemental Report of Commissioner—Grounds of Exception—Waiver.*

A party on whose motion a supplemental report is made, to correct omissions and errors, and who excepts to it, can not complain, after decree thereon, of matters not embraced in his exceptions. (p. 83).

5. MORTGAGES—*Enforcement—Decree—Requisites—Judicial Sale.*

In a suit to enforce vendor's liens, judgment liens, and liens created by trust deeds given to secure payment of debts, providing, in case of default, for a sale of the land for cash, it is not error to decree a sale of the land without ascertaining its rental value. (p. 83).

(LYNCH, JUDGE, absent.)

Appeal from Circuit Court, Raleigh County.

Suit by Lewis, Hubbard and Co. and others against James Toney and others. From a decree for plaintiffs, defendants appeal.

*Modified and Affirmed.*

*J. E. Summerfield* and *J. W. Maxwell,* for appellants.

*File & File,* for appellees.

WILLIAMS, JUDGE:

From a final decree of the circuit court of Raleigh county, ascertaining the liens upon their land and decreeing a sale thereof to satisfy same, James Toney and Emily, his wife, have appealed. No brief is filed on their behalf. In their petition for an appeal they assign six errors. First, that it was error to decree a lien for $277.79 in favor of M. J. Meadows and H. A. Dunn. This sum was decreed to be a lien on the land of Emily Toney. It was created by deed of trust executed by herself and husband, on April 9, 1911, to J. M. Anderson, trustee, to indemnify and "save harmless" said Meadows and Dunn as indorsers on a note made by the grantors to the Raleigh County Bank for $250,, bearing date April 9, 1911, and payable one hundred and twenty days after date. The commissioner reported this note unpaid. Appellants claim that is no evidence that Meadows and Dunn, or either of them, paid the note, and that it was error to decree in their favor.

As a general rule a surety has no right of action against his principal until he has paid the debt. But where his principal has given him a mortgage or deed of trust to indemnify him against loss or damage, he has a right, in equity, to have it applied in discharge of the debt, to relieve him from payment of it. The trust deed in question expressly provides that, "If default be made in the payment of said note or any part thereof when it shall have become due and payable by the parties of the first part, of it (or if) the said parties of the third part (Meadows and Dunn) shall be required to pay any part of said note at its maturity," then

76 W. Va.

the trustee shall sell the property for cash at public auction, at the front door of the court house. By the terms of the deed the sureties are indemnified against having to pay the note, and it was, therefore, not necessary for them to pay it, or any part of it, to perfect their right against their principal. Default having been made in payment of the note, they had a right, in a court of equity, to have the indemnity applied directly in payment of it. In such case equity treats the sureties as holding the indemnity in trust for the creditor. Brandt on Suretyship, (3rd ed.), Sec. 242; 32 Cyc. 242; *Call* v. *Scott,* 4 Call 402; *Tankersley* v. *Anderson,* 4 Des. Eq., (S. C.), 44; *McKnight* v. *Bradley,* 10 Rich. Eq., (S. C.), 557; *Constant* v. *Matteson,* 22 Ill. 546; and *Thurston* v. *Prentiss,* 1 Manning, (Mich.), 193. It was error, however, to decree the trust lien in favor of Meadows and Dunn, they not having paid the note. It should have been decreed to the Raleigh County Bank to be applied on the note on which Meadows and Dunn were indorsers. Appellants are not discharged by the decree from their obligation to pay the note. If the sureties should fail to apply the money to the payment of it, appellants are still liable to the bank. True, appellants did not except to the commissioner's report for this reason, but the error appears on the face of the report, and they may take advantage of it in this court without exceptions. *Windon* v. *Stewart,* 48 W. Va. 488, 37 S. E. 603, and *Bank of Union* v. *Nickell,* 50 W. Va. 57.

Second, that it was error to admit the depositions of certain witnesses, named, because appellants had no notice of the time and place of their taking, and no opportunity to cross-examine the witnesses. The depositions were taken before the commissioner to whom the cause was referred, and were returned with his report. James Toney's deposition was also taken and returned. Whether all the witnesses appeared at the same time, or at different times, does not appear. Although appellants filed written exceptions to the report, none of them relate to want of notice. To be availing, exceptions to a commissioner's report for error not appearing on the face thereof, must be taken before a decree is rendered upon the report. *Shenandoah Val. Nat'l. Bank* v. *Shirley,* 26 W. Va. 563. Furthermore the commissioner says, in his

report, he gave "due notice." This is *prima facie* true, and there is no evidence that notice was not given. The decree of reference did not provide the manner of giving notice, and no one, who did not actually appear before the commissioner and have opportunity to except to his report, is complaining.

Third, that it was error to hear the cause on the original and supplemental reports, because the commissioner gave no notice of the time and place of his sitting and because the supplemental reports were not retained by him for ten days for inspection and opportunity to take exceptions. The commissioner filed his report in open court on the 25th February, 1913, and on appellant's own motion it was recommitted to him, "to make a supplemental report pertaining to some matters inadvertently left out of the original report by said defendant," (James Toney), and the commissioner was required to make his supplemental report on that day. The recommittal was made on appellants' motion for the purpose of ascertaining and allowing him certain credits which had not been proven when the case was before the commissioner, but which, it was shown, and admitted by the parties, he was entitled to. The corrections he desired to have made, were made, and there was no necessity for the supplemental report to be retained by the commissioner for further inspection and opportunity to except. It was returned and filed on the following day, the 26th of February, and, although written exceptions were filed by appellants, to both the supplemental and the original reports, none of them relate to this assignment, which we hold is not well taken. Moreover, all the parties were in court when the recommittal was made.

Fourth, that it was error to decree a sale, without having ascertained in the manner provided by law, that the land would not rent for enough in five years to pay the liens. No evidence had been taken on this point by the commissioner. The court permitted plaintiff to amend its bill at bar by inserting therein an allegation that the land would not rent for enough in five years to pay the liens, and then recommitted the cause to the commissioner the second time, to ascertain that fact and make immediate report. The commissioner heard testimony the same day and reported that the rents for five years would not be sufficient. Appellants appeared in

court and excepted to the report on the ground that they had no notice of the taking of the proof, and the court struck out the evidence on that point, and, notwithstanding, decreed a sale of the lands. A complete answer to this assignment, we think, is the fact that only some of the liens were judgment liens. Others were vendor's liens, and trust deed liens to secure debts in payment of which appellants had defaulted, stipulating for cash sales. Plaintiff's lien for the enforcement of which, together with other liens, it brought this suit, was of the latter class. It is not necessary in such case to ascertain the rental value, the debtors themselves having agreed to a sale for cash. *Stafford* v. *Jones,* 73 W. Va. 299, 80 S. E. 825. The right to have land rented is a privilege accorded the debtor, and applies to the enforcement of judgment liens, not to trust deed liens wherein he has agreed to a sale in case of his default.

The foregoing is also a sufficient answer to the fifth and sixth assignments.

The decree will be modified here, so as to require the $277.79, decreed to M. J. Meadows and H. A. Dunn, to be applied on the note held by the Raleigh County Bank on which they were indorsers, and, as so modified, it will be affirmed.

*Modified and Affirmed.*