THE FIRST NATIONAL BANK OF MANNINGTON, *et al. v.* A. W. PRICHARD, *et al.*

(No. 7474)

Submitted January 18, 1933.  Decided February 7, 1933.

*K. K. Snodgrass,* for appellants.
*L. S. Schwenck,* for appellee.

MAXWELL, PRESIDENT:

On this appeal there are presented two questions arising on decrees of the circuit court of Marion County.

The first question involves the manner of execution of an order of reference. This decree was entered December 24, 1931, at the November term of the circuit court of said county. The said term was not adjourned until February 26, 1932. Within four or five days after the entry of the decree of reference, the commissioner to whom the cause was referred by said decree began the publication of notice that on the 20th of January, 1932, he would begin the execution of the reference. In pursuance of notice duly published, he proceeded to make up the record preliminary to the preparing

and filing of his report as required by the decree of reference. He returned his report to the office of the clerk of the court after the adjournment of said term.

At the beginning of the next regular term of court, appellant, A. W. Prichard, one of the defendants, moved the court to set aside and hold for naught the report of the commissioner in chancery because he had given notice and had begun the execution of the order of reference before the adjournment of the term of court at which the order was entered. The court overruled the motion. At a later time, a decree of sale was entered.

Should the trial court have set aside the report of the commissioner for the reason assigned?

For a long time we have had a statute which requires commissioners in chancery to whom causes are referred "shall, immediately after the adjournment of each term of the court, proceed to take all accounts referred" to them by orders or decrees of the court. Code 1931, 56-7-5; Code 1923, chapter 129, section 8. This statutory requirement that the commissioner "shall" proceed with the execution of orders and decrees of reference after the adjournment of the term at which they were entered would seem to embody the thought that he should not so proceed until after the adjournment of the term. One very substantial reason for this is that all such orders and decrees remain within the breast of the court until final adjournment. They may be materially changed or even set aside in their entirety before the term adjourns. And, too, attorneys are frequently engaged in the trial of cases during the term of the court and for that reason cannot conveniently attend upon the taking of testimony before commissioners in execution of orders of reference. Such, we believe, is the common understanding among practitioners, but we do not think that the statute lays down an iron-bound rule. Where terms of court continue for two or three months, doubtless a strict application of the rule would frequently result in more harm than good; though, of course, there must remain the fact, under the law as it now stands, that any effort expended in the execution of an order of reference before the adjournment of the term at which it was entered must necessarily be at the risk that such decree may be altered or set aside before

the end of the term. We perceive no reason why such matters should not be within the sound discretion of the trial chancellor. Of course, if a party to a suit is prejudiced by such early execution of an order of reference, the trial chancellor should protect his rights in the premises. But where no legal prejudice is shown, a motion to set aside a report solely on the ground that the commissioner had proceeded with the execution of an order of reference before the adjournment of the term of court at which entered may properly be overruled by the chancellor. In the case at bar, the only basis of prejudice sought to be pointed out is that by reason of the expeditious action on the part of the commissioner the appellants, whose property is being proceeded against, were deprived of forty-nine additional days within which to effect private sale of some of their property or to make arrangements to discharge and pay off the indebtedness in suit. Inasmuch as a decree of sale was not entered until August 23, 1932, which decree allowed the debtors an additional thirty days to pay the indebtedness before the property could be advertised for sale, we are impressed that there was no legal prejudice to the appellants by reason of the action of the commissioner in chancery in promptly starting the execution of the order of reference.

Even if it were erroneous for the commissioner in chancery to proceed with the execution of the order of reference before the adjournment of the term, we do not think that the appellants would be in position to take advantage of that situation on this appeal. ''On appeal, error prejudicial to the appellant must affirmatively, appear, or the decree will be affirmed.'' *Webb* v. *Bailey,* 41 W. Va. 463, 23 S. E. 644. ''Error justifying the reversal of a decree must be prejudicial to the party complaining.'' *Stafford* v. *Jones,* 73 W. Va. 299, 80 S. E. 825, 826.

The second question here involved arises in this manner: An object of the suit was to subject to sale certain properties of the lien debtor, A. W. Prichard. These properties, as real estate, had belonged to Amos N. Prichard in his lifetime. By his will, he devised to his personal representatives all of the real estate of which he died seized and possessed ''to be by them sold at such time and price as they may deem proper

and at either public or private sale as they may deem best,'' the net proceeds to be divided into three equal portions and to be distributed as directed by the will, one of said portions to be paid to the said A. W. Prichard. The. commissioner ascertained that some of the parcels of real estate of which the said Amos N. Prichard died seized had not been sold by his executors and executrix. The commissioner found that the liens of the judgments against A. W. Prichard attached to an undivided one-third interest in these parcels of real estate. The court corrected this finding on motion of some of the creditors. The court was of opinion that by reason of the above quoted portion of the Amos N. Prichard will there had been effected an equitable conversion of his real estate, and that under the will, the said properties in the hands of the personal representatives of the testator, must be considered as personalty; therefore, that the lien of the judgments against A. W. Prichard did not attach, but ''that the lien of executions issued on said respective judgments attached thereto as personalty.'' The correctness of the trial chancellor's said finding is not challenged on this appeal, but it is insisted that even if said finding is correct it was prejudicial error for the court to direct sale of interest of A. W. Prichard in the said properties without first ascertaining that the rents and profits arising from the said interest would not in five years pay off and discharge the lien indebtedness binding the same. Under our statute, real estate may be subjected to sale in a chancery suit to satisfy judgment lien indebtedness if it appears to the court that the rents and profits of the real estate subject to the lien will not satisfy the same in five years. Code 1931, 38-3-9. *Westinghouse Co.* v. *Ingram,* 79 W. Va. 220, 90 S. E. 837. There is no such provision with reference to the sale of personal property for debt. Since, under the equitable conversion which is binding here, we are dealing with personal property, statutory rules with respect to real property cannot be invoked.

Where a will directs land to be sold and the proceeds divided among legatees, equity considers the property as converted from real estate to personalty. *Brown* v. *Miller,* 45 W. Va. 211, 31 S. E. 956. As already noted, property in such condition cannot be subjected to sale as realty under the lien of a

judgment; neither can it be taken into possession by a sheriff and sold under the lien of an execution. But equity affords relief by enforcing the lien of the execution. It is the general rule, as succinctly stated in 13 Corpus Juris, p. 883, that "where land has been equitably converted into money, a judgment against the beneficiary does not create any lien on his interest in the land, nor is his interest subject to sale on execution, the creditor's only remedy being to invoke the aid of a court of equity; but the rights of the beneficiary are subject to all charges and liens which existed against the property."

It is urged on behalf of A. W. Prichard that inasmuch as the only execution lien against his property is for $818.00 with interest and costs (same being predicated on judgment in favor of plaintiff), and the value of his property being subjected to sale being far in excess of that amount, the reason for ascertaining if the debt can be paid out of rents and profits is apparent. Perhaps so, but, as stated, the law makes no such requirement as to personal property. Of course it will be the duty of the special commissioner to sell no more of the property than may be necessary to pay the debt and costs, and, further, to see that no property is sacrificed at such sale. These matters are all under the immediate supervision and control of the circuit court.

Finding no error under either of the two points relied upon by the appellants, we affirm the decrees of which complaint is made.

*Affirmed.*